JEFFERY G. BAIREY, SB# 111271
  E-Mail: bairey@lbbslaw.com
ALISON YEW, SB# 173158
  E-Mail: yew@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, California  94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys For Plaintiff
HARDWARE RESOURCES, INC.



E-filing

FILED
JUL 1 3 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| HARDWARE RESOURCES, INC., | Case No.: **C07-03635** |
| Plaintiff, | **ORIGINAL COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. 1125(A)(1)(A); UNFAIR COMPETITION (CALIFORNIA BUS. & PROF. CODE 17200, *ET SEQ.*); FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. 501 *ET. SEQ*); AND COMMON LAW TRADEMARK INFRINGEMENT** |
| vs. | |
| WEST COAST MOBILE HARDWARE, INC., | |
| DOES 1 THROUGH 10, | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff, Hardware Resources, Inc. ("Hardware Resources" or "Plaintiff") files its

Original Complaint against Defendant, West Coast Mobile Hardware, Inc. ("Defendant") and

would respectfully show the Court the following:

## Parties

Hardware Resources is a corporation organized and existing under the laws of the

State of Louisiana with its principal place of business at 4319 Marlena Street, Bossier City,

Louisiana 71111.

2.    Plaintiff is informed and believes that Defendant is a corporation organized and existing under the laws of the State of California with its principle place of business at 37309 Blacow Rd, Fremont, California 94536.  Its registered agent for service of process is My Corporation Business Services, Inc. with an address of 26520 Agoura Rd., Calabasas, California 91302.

3.    Plaintiff is currently unaware of the true names and capacities of the defendants named herein as DOES 1 through 10, inclusive, and Plaintiff therefore sues said defendants by those fictitious names.  Plaintiff will request leave of court to amend this complaint to state their true names and capacities when it ascertains same.  Plaintiff alleges, upon information and belief, that each such fictitiously named defendant is in some manner responsible for the acts alleged herein and that such defendants proximately caused the injuries alleged herein.

## Jurisdiction and Venue

4.    This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §1121 because this case arises under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.* ("Copyright Act") and under the Trademark Act of 1946, *as amended*, 15 U.S.C. § 1051 *et seq.*

5.    This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because the subject matter in controversy exceeds the value of $75,000 and the parties are citizens of different states.

6.    This Court has jurisdiction over the unfair competition claims herein, under the provisions of 28 U.S.C. § 1338(b), because these claims are joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

7.    This Court has supplemental jurisdiction over the claims in this Complaint which arise under the laws of the State of California pursuant to 28 U.S.C. § 1367(a) since the State law claims are so related to the Federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

8.    Venue lies properly in this judicial district and division under the terms of 28 U.S.C. § 1400(a) in conjunction with 28 U.S.C. §§ 1391(b) and (c) because Defendant is a corporation deemed to reside in this district and division, because it is subject to personal jurisdiction here, and because the claims and causes of action arose through acts of Defendant committed in this district and division.

**Intradistrict Assignment**

9.    Assignment of this action to the Oakland Division is proper under Civil Local Rule 3-2(d), in that a substantial part of the events giving rise to the claims alleged herein occurred in the county of Alameda.

**Factual Allegations Common to All Counts**

10.    This Complaint includes allegations of trademark infringement, unfair competition and copyright infringement.

11.    For many years Hardware Resources has been a premier designer and manufacturer of decorative wood carvings and cabinet and furniture hardware. Hardware Resources has created numerous original decorative designs for furniture articles such as corbels, brackets, moldings, feet, legs, capitals, posts, onlays and rosettes (collectively "Designs"). Through substantial time, energy, money and effort, Hardware Resources has studied and continues to study the demands of the decorative wood carving industry. As a result of Hardware Resources' efforts, it has developed a market strategy to advertise and sell its Designs ("Hardware Resources' Market

Strategy"). Hardware Resources' Market Strategy includes, but is not limited to, determining what, when, where and how to offer its Designs for sale. Hardware Resources' Market Strategy has given it a competitive advantage in the decorative wood carving industry.

12.     Long before Defendant began its infringing activities and at least since January, 2002, Hardware Resources has marketed its Designs under a family of trademarks that feature a distinguishing and distinctive feature, namely, the prefix "COR" (the "HR COR Trademarks"). Currently, Hardware Resources manufactures and markets over fifty (50) Designs under the HR COR Trademarks. Examples of the HR COR Trademarks include: CORA-1, CORA-2, CORA-3, CORB-1, CORB-2, CORB-3, CORBBW-1, CORC-1, CORC-2, CORC-3, CORE, CORF, CORI, CORI-1, CORK-1, CORK-2, CORK-3, CORMJ, CORMI, CORMW-1, CORP-1, CORP-2 and CORP-3.

13.     Hardware Resources sells its products directly and through a series of distributors that offer its products for sale. Distributors also market and sell the Hardware Resources' Designs under the HR COR Trademarks. Millions of products have been sold throughout California and the United States under the HR COR Trademarks totaling sales in the tens of millions of dollars.

14.     Growth and continuation of Hardware Resources' business depends in part upon the unique and distinctive nature of the HR COR Trademarks and on the reputation and goodwill symbolized thereby.

15.     The high quality of the Designs offered for sale by Hardware Resources under the HR COR Trademarks has also contributed to its success and good reputation. Since the first use of the HR COR Trademarks, Hardware Resources has expended substantial energy, time, money and effort in advertising its goods sold in association with these trademarks. Hardware

Resources advertises and sells its Designs under the HR COR Trademarks in many different

ways, such as on the Internet, in printed catalogs and magazines and at numerous trade shows.

Over the years, Hardware Resource has expended over a million dollars to advertise its Designs

and trademarks throughout California and the United States under the HR COR Trademarks.

16.    As a result of the distinctiveness or acquired distinctiveness of the HR COR

Trademarks, the public recognizes Hardware Resources as the source of origin for decorative

wood carvings that are offered for sale under a trademark incorporating the "COR" prefix; the

HR COR Trademarks.

17.    Hardware Resources has also secured copyright protection for many of the

Designs that it offers for sale under the HR COR Trademarks.  One of these works is entitled

"Grape Corbel Design (applied to items CORA-1, CORA-2 & CORA-3)," Copyright

Registration No. VAu598-428.  The registration date for this work is August 9, 2003.  A copy

of this registration is attached at Exhibit A.  Hardware Resources complied with all relevant

portions of the Copyright Act during the registration process for these works.

18.    Hardware Resources secured Copyright Registration No. VAu598-429 for another

one of its original designs entitled "Acanthus Corbel Design (applied to items CORB-1, CORB-

2 & CORB-3)."  The registration date for this work is August 9, 2003.  A copy of this

registration is attached at Exhibit B.  Hardware Resources complied with all relevant portions of

the Copyright Act during registration of these works.

19.    Hardware Resources secured copyright registrations for three (3) of its original

grape corbel designs: Copyright Registration No. VA 1-405-305 for its work entitled "Small

Corbel – COR1"; Copyright Registration No. VA 1-405-307 for its work entitled "Large Grape

Wood Corbel – CORA-3"; and Copyright Registration No. VA 1-405-308 for its work entitled

"Medium Grape Wood Corbel - CORA-2." The registration date for these works is February 21, 2007. Copies of the copyright registrations are attached at Exhibits C, D and E, respectively. Hardware Resources complied with all relevant portions of the Copyright Act during registration of these works.

20.    Hardware Resources secured copyright registrations for three (3) original acanthus designs: Copyright Registration No. VA 1-405-310 for its work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1"; Copyright Registration No. VA 1-405-314 for its work entitled "Mini Wood Corbel With Acanthus Detail – CORMJ"; and Copyright Registration No. VA 1-405-316 for its work entitled "Corbel – CORP-2." The registration dates for these works is February 21, 2007. Copies of these registrations are attached at Exhibits F, G and H, respectively. Hardware Resources complied with all the relevant portions of the Copyright Act during the registration process for these Works.[1] All of the Works are offered for sale under the HR COR Trademarks.

21.    Employees of Hardware Resources created all of the Works between 2003 and 2005. The employees created the Works during the scope of their employment with Hardware Resources and are works made for hire. Hardware Resources is the owner of all right, title and interest in and to the Works.

22.    Hardware Resources first published some of the Works in July of 2003. The remainders of the Works were published in January of 2005. The designs for each of the Works are original to the author and comprise copyrightable subject matter.

---

[1] The works covered by the copyright registrations as shown in Exhibits A-H are collectively referred to in this Complaint as the "Works."

23.     Defendant is a competitor of Hardware Resources in the decorative wood carving industry.  On information and belief, Defendant distributes and/or imports decorative wood products and resells these products to consumers through the United States.

24.     On information and belief, Defendant has had access to the Works through advertising and sales of the Works by Hardware Resources and through others in the industry.

25.     On information and belief, Defendant has unlawfully copied the Works and prepared derivative works based on the Works.  Further, Defendant has distributed, sold, and/or imported corbel designs that are strikingly similar to the Works (collectively "Defendant's Infringing Works").  On information and belief, Defendant has sold Defendant's Infringing Works throughout the United States.

26.     Ten (10) of Defendant's Infringing Works are offered for sale through a catalog published by Defendant ("Defendant's Catalog").  A copy of the catalog is attached at Exhibit I ("Defendant's Catalog").

27.     At no time has Hardware Resources authorized or approved Defendant's actions of reproducing or preparing derivatives of the Works or distributing and selling Defendant's Infringing Works.

28.     The actions of Defendant as described herein constitute copyright infringement under the laws of the United States of the copyrights owned by Hardware Resources in the Works.

29.     Hardware Resources has notified Defendant that its actions constitute copyright infringement.  Yet, Defendant has continued to sell Defendant's Infringing Works.  Therefore, Defendant's actions as described herein are intentional and have been undertaken with full knowledge of Hardware Resources' rights in and to the Works.

30.    Defendant's improper conduct is not limited to copyright infringement.  Since after Hardware Resources' adopted its family of COR Trademarks, the HR COR Trademarks, without Hardware Resources' consent, Defendant began using the marks CORB-A-1, CORB-A-2, CORB-A-3, CORB-A-4, CORB-A-5, CORB-A-6, CORB-A-7, CORB-A-8, CORB-A-9, CORB-A-10, CORB-A-11, CORB-G-1, CORB-G-2, CORB-G-3, CORB-G-5, CORB-BW-1, CORB-BW-4, CORB-T-1, CORB-T-2, CORB-T-3, CORB-T-4 and CORB-T-5 ("Defendant's Marks") in commerce in connection with the sale, offer for sale, and advertising of decorative wood carvings.

31.    Defendant's actions of using Defendant's Marks to sell, offer for sale, distribute and advertise decorative wood carvings to consumers throughout California and the United States is likely to cause confusion or to cause mistake or to deceive consumers as to the source of origin of Defendants' goods.

32.    As with the HR COR Trademarks, all of Defendant's Marks incorporate the prefix "COR" followed by additional letters and then often a single number.

33.    On information and belief, Defendant's use of Defendant's Marks are further likely to be confused with Hardware Resources' use of the HR COR Trademarks because both set of marks are used for decorative wood carvings.  As a result, the customers and the target market for goods sold by Defendant and Hardware Resources are identical.

34.    On information and belief, Defendant's use of Defendant's Marks is further likely to be confused with Hardware Resources' use of the HR COR Trademarks because the advertising media used by Hardware Resources and the advertising media used by Defendant are very similar.  For example, both advertise their goods under their respective marks through

catalogs. Excerpts from Defendant's Catalog are attached at Exhibit I. Excerpts from

Hardware Resources' Catalog are attached at Exhibit J.

35.    Hardware Resources has notified Defendant that its actions constitute trademark

infringement. Yet, Defendant has continued to use Defendant's Marks. Therefore, Defendant's

actions as described herein are intentional and have been undertaken with full knowledge of

Hardware Resources' rights in and to its family of COR Trademarks, the HR COR Trademarks.

36.    Not only has Defendant copied Hardware Resources' Works, adopted marks that

are confusingly similar to Hardware Resources' COR Trademarks, but Defendant has also

mimicked Hardware Resources' Market Strategy for its decorative wood carvings.

37.    For example, Defendant sells a nearly identical range of numerous types of

decorative wood carvings to that of Hardware Resources ("Defendant's Wood Carvings"). For

many (if not the majority) of the decorative wood carving products included in Hardware

Resources' Catalog, Defendant's Catalog includes a nearly identical copy.

38.    As another example, all of the products depicted on page 2 of Defendant's Catalog

(page 2 of Exhibit I) are included in pages 37 through 41 of Hardware Resources' Catalog

(pages 13 through 17 of Exhibit J).

39.    Additionally, all of the products depicted in Defendant's Catalog on page 3 (page 3

of Exhibit I) are also depicted in Hardware Resources' catalog on page 53, 54 and 57 (pages 22

through 24 of Exhibit J).

40.    Similar to Hardware Resources, Defendant sells its decorative wood carvings in

three sizes: a small, a medium and a large. The fact that exactly three sizes are offered by

Defendant and the dimensions of the three sizes are nearly identical indicates that the range of

products offered by Hardware Resources was copied by Defendant. As just one example,

Defendant's products that are advertised under the marks CORB-A5, CORB-A6 and CORB-A7

at page 4 of Defendant's Catalog (page 4 of Exhibit I) are exactly the same as the dimensions of

Hardware Resources' products that are advertised under the trademarks CORK-1, CORK-2 and

CORK-3 in Hardware Resources' Catalog at pages 6 through 7 (pages 4 through 5 of Exhibit J).

41.    Additionally, Defendant has copied the combination of trademarks that Hardware

Resources has adopted in association with its Designs. For example, as shown at page 5 of

Hardware Resources' Catalog (page 3 of Exhibit J), Hardware Resources sells a number of its

acanthus decorative wood carvings under the HR COR Trademarks, CORB-1, CORB-2 and

CORB-3. As shown at page 1 of Defendant's Catalog (page 1 of Exhibit I), Defendant also

sells a number of its similar acanthus decorative wood carvings under Defendant's Marks,

CORB-A1, CORB-A2 and CORB-A3 as show at page 5 of Defendant's Catalog (page 1 of

Exhibit I).

42.    Defendant's copying of Hardware Resources' Market Strategy, range of products,

the HR COR Trademarks and the Designs of the products offered by Hardware Resources has

allowed Defendant unfairly benefit from the time, money, effort and resources that Hardware

Resources expended to create Hardware Resources' Market Strategy and competitive

advantage. Defendant's use of Hardware Resources' Market Strategy is destroying Hardware

Resources' competitive advantage in the market place. Defendant's conduct is also likely to

deceive the public into believing that Defendant is Hardware Resources or is the source of

origin of Defendant's goods.

43.    The actions of Defendant have resulted and will continue to result in damage and

irreparable harm to Hardware Resources. Hardware Resources seeks full recovery of these

damages as well as temporary, preliminary and permanent injunctive relief to restrain Defendant from further acts of copyright and trademark infringement, and unfair competition.

## Count I

### Federal Trademark Infringement
*(15 U.S.C. § 1125(a)(1)(A))*

44.    Hardware Resources repeats and realleges the allegations of Paragraph 1 through 43 as if fully set forth herein.

45.    Prior to the acts of Defendant complained of herein, Hardware Resources has continuously marketed and sold decorative wood carvings under a family of trademarks that incorporate the prefix "COR," namely the HR COR Trademarks.

46.    Prior to the acts of Defendant complained of herein, Hardware Resources has expended a substantial amount of money in continuously advertising and promoting its family of trademarks in connection with its goods that incorporate the prefix "COR," the HR COR Trademarks. Hardware Resources is continuing to advertise and promote its goods to the trade and to the public under its family of trademarks that incorporate the prefix "COR," the HR COR Trademarks.

47.    Prior to the acts of Defendant complained of herein, Hardware Resources has acquired a fine reputation because of its uniformly high quality of goods sold under its family of trademarks that incorporate the prefix "COR" and HR COR Trademarks, and because of its extensive advertising and sales. As a result, Hardware Resources' goods that are associated with its family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, have been and are now recognized by the public and the trade as originating from a single source, namely, Hardware Resources.

48.    Because of the inherent distinctiveness of Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, and/or because these trademarks have acquired secondary meaning in the decorative wood carving industry, Hardware Resources' family of "COR" trademarks have come to indicate a single source, namely Hardware Resources, for goods offered by Hardware Resources or under its surveillance and authority.

49.    Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, are so associated with Hardware Resources' goods that the use of the same or similar marks by Defendants that incorporate the prefix "COR," namely, Defendant's Marks, constitutes a representation that their goods come from the same source.

50.    Defendant has used Defendant's Marks in commerce in association with decorative wood carvings.

51.    Defendant has used and continues to use Defendant's Marks in commercial advertising and promotion of decorative wood carvings.

52.    Defendant's acts are in violation of 15 U.S.C. § 1125(a)(1)(A) because Defendant has, on or in connection with goods, namely, decorative wood carvings, used in commerce, words or other symbols tending to falsely describe or represent goods which are likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Hardware Resources as to the source, origin, sponsorship or approval of Hardware Resources' goods, services or commercial activities.

53.    More specifically, on information and belief, Defendant has used Defendant's Marks in association with decorative wood carvings by selling decorative wood carvings throughout California and the United States and by advertising using Defendant's Marks in

such a way that Defendant's Marks constitute a false or misleading description of fact or false and misleading representation which is likely to cause confusion as to the affiliation or connection of Hardware Resources with Defendant or as to the sponsorship or approval of Defendant's goods by Hardware Resources.

54.    Defendant's use of Defendant's Marks is likely to cause confusion between Defendant and Hardware Resources as a source of goods because both Defendant's Marks and the HR COR Trademarks are used for identical types of goods, namely, decorative wood carvings.  Further, the trademarks are used for goods targeted towards the same or similar type of consumers, namely, consumers such as home owners and builders that have the need for decorative wood carvings.

55.    On information and belief, the use of Defendant's Marks is further likely to create confusion because Defendant's Marks and the HR COR Trademarks are advertised using the same or similar advertising media in the same or similar channels of trade.

56.    Defendant's acts of trademark infringement are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to Hardware Resources and its property rights in Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, and to cause confusion, mistake and deception.

57.    Unless Defendant is restrained from the acts complained of, Hardware Resources will suffer irreparable harm, for which Hardware Resources has no adequate remedy at law.

### Count II

Unfair Competition
(*Cal. Bus. & Prof. Code §17200*)

58.    Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 57 as if fully set forth herein.

59.    The acts of Defendant complained of herein constitute unfair competition and trademark infringement under the laws of the State of California. Hardware Resources has adopted and used Hardware Resources' family of trademarks that incorporate the prefix "COR," namely, the HR COR Trademarks, in association with decorative wood carvings since long before Defendant's adoption of Defendant's Marks. Hardware Resources has used the HR COR Trademarks continuously since it adopted these marks. Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, identifies Hardware Resources as a sole source of goods offered by Hardware Resources or under its surveillance and authority and distinguishes those goods from many others.

60.    As a result of the care and skill exercised by Hardware Resources in the conduct of its business particularly in the maintenance of high quality goods, by its extensive advertising, and by the extensive and continuous marketing of goods throughout decorative wood carvings industry, the goods offered under Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, have acquired a reputation for high quality. As a result of these efforts by Hardware Resources, the decorative wood carving industry and consumers recognize the HR COR Trademarks as identifying Hardware Resources exclusively as a source of high quality decorative wood carvings. The HR COR Trademarks have acquired wide notoriety and symbolize the goodwill which Hardware Resources has created by the sale of dependable and high quality goods. Consequently, the HR COR Trademarks, constitute a valuable asset of Hardware Resources.

61.    Subsequent to the HR COR Trademarks by Hardware Resources, Defendant began infringing the HR COR Trademarks by advertising and selling decorative wood carvings similar to those of Hardware Resources, under one or more trademarks, specifically

Defendant's Marks, which are confusingly similar to the HR COR Trademarks, throughout this judicial district and the United States. Such conduct represents unfair competition because it is designed to cause confusion and mistake and to deceive purchasers into believing that Defendant's goods are somehow sponsored by, made by or associated with Hardware Resources.

62.     Defendant's use of Defendant's Marks in association with decorative wood carvings is likely to cause confusion because both Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, and Defendant's Marks are used for similar or identical types of goods, namely, decorative wood carvings. The goods associated with both marks also travel through the same channels of trade and are targeted towards similar customers, namely, home owners and builders that have the need for decorative wood carvings. The use of Defendant's Marks by Defendant is further likely to create confusion because the marks are confusingly similar in that they incorporate the "COR" prefix in conjunction with additional letters followed by a single number. Moreover, the advertising media used by Defendant increases the likelihood of confusion because it is the same or similar to that used by Hardware Resources.

63.     Defendant's conduct constitutes unlawful, unfair and fraudulent business acts and practices in violation of California Business and Professions Code §§17200 *et seq.* The unlawful, unfair and fraudulent business acts, include, without limitation, violations of the Lanham Act by using marks, namely, Defendant's Marks, in commerce that are confusingly similar to the HR COR Trademarks. Defendant's use of Defendant's Marks has created a likelihood of confusion between Defendant and Hardware Resources as the source of origin of Defendant's goods. Therefore, it is likely that consumers will be deceived into believing that

Hardware Resources is the source of origin for Defendant's goods sold under Defendant's Marks or that Defendant is the source of origin of Hardware Resources' products.

64.    As a direct and proximate result of these unlawful, unfair and fraudulent activities, Hardware Resources has suffered and will continue to suffer substantial harm and damage to its business. Unless retrained and enjoined from doing so, Defendant will continue to unfairly, unlawfully and fraudulently use Defendant's Marks to deceive consumers into believing that Hardware Resources is the source of origin of the goods that Defendant sells under Defendant's Marks or that Defendant is the source of the goods sold by Hardware Resources under the marks. Unless Defendant is restrained from the acts complained of, Hardware Resources and the public will suffer irreparable harm, for which Hardware Resources has no adequate remedy at law.

65.    As a direct and proximate result of Defendant's unfair, unlawful and fraudulent activities, Defendant has been unjustly enriched and Hardware Resources is entitled to disgorgement of monies that Defendant has unjust received as a result of such conduct.

### Count III

#### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

66.    Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 65 as if fully set forth herein.

67.    Hardware Resources is the owner of all copyrights in and to the work entitled "Grape Corbel Design." Hardware Resources has obtained United States Copyright Registration No. VAu598-428 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work. A picture of the work is attached at Exhibit A and shown below:



"Grape Corbel Design"

68.    Hardware Resources is also the owner of all copyrights in and to the work entitled "Large Grape Wood Corbel – CORA-3." Hardware Resources has obtained United States Copyright Registration No. VA 1-405-307 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work. A picture of the work is attached at Exhibit D and shown below:



"Large Grape Wood Corbel – CORA-3"

69.    On information and belief, Defendant has infringed the copyrights of Hardware Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing work under the name "CORB-G-3" that is a reproduction, derivative work, compilation or adaptation of the works entitled "Grape Corbel Design" and "Large Grape Wood Corbel – CORA-3," which are owned by Hardware Resources.  A picture of Defendant's infringing work is attached at page 6 of Exhibit I and shown below:



"CORB-G-3"

70.    At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its works entitled "Grape Corbel Design" or "Large Grape Wood Corbel – CORA-3."

71.    On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

72.    By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage.  Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages.  Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

73.    As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.   Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c).  Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

## Count IV

### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

74.    Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 73 as if fully set forth herein.

75.    Hardware Resources is the owner of all copyrights in and to the work entitled "Grape Corbel Design." Hardware Resources has obtained United States Copyright Registration No. VAu598-428 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work. A picture of the work is attached at Exhibit A and shown below:



"Grape Corbel Design"

76.    Hardware Resources is also the owner of all copyrights in and to the work entitled "Large Grape Wood Corbel – CORA-3." Hardware Resources has obtained United States Copyright Registration No. VA 1-405-307 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work. A picture of the work is attached at Exhibit D and shown below:



"Large Grape Wood Corbel – CORA-3"

77.    On information and belief, Defendant has infringed the copyrights of Hardware Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing work under the name "CORB-G-2" that is a reproduction, derivative work, compilation or adaptation of the works entitled "Grape Corbel Design" and "Large Grape Wood Corbel – CORA-3," which are owned by Hardware Resources.  A picture of Defendant's infringing work is attached at page 6 of Exhibit I and shown below:



"CORB-G-2"

78.    At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its works entitled "Grape Corbel Design" or "Large Grape Wood Corbel – CORA-3."

79.    On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

80.    By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage.  Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages.  Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

81.    As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.  Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c).  Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

## Count V

### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

82.    Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 81 as if fully set forth herein.

83.    Hardware Resources is the owner of all copyrights in and to the work entitled "Grape Corbel Design." Hardware Resources has obtained United States Copyright Registration No. VAu598-428 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work. A picture of the work is attached at Exhibit A and shown below:



"Grape Corbel Design"

84.    Hardware Resources is also the owner of all copyrights in and to the work entitled "Large Grape Wood Corbel – CORA-3." Hardware Resources has obtained United States Copyright Registration No. VA 1-405-307 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work. A picture of the work is attached at Exhibit D and shown below:



"Large Grape Wood Corbel – CORA-3"

85.    On information and belief, Defendant has infringed the copyrights of Hardware

Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing

work under the name "CORB-G-1" that is a reproduction, derivative work, compilation or

adaptation of the works entitled "Grape Corbel Design" and "Large Grape Wood Corbel –

CORA-3," which are owned by Hardware Resources.  A picture of Defendant's infringing work

is attached at page 6 of Exhibit I and shown below:



"CORB-G-1"

86.    At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its works entitled "Grape Corbel Design" or "Large Grape Wood Corbel – CORA-3."

87.    On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

88.    By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage.  Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages.  Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

89.    As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.   Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c).  Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

## Count VI

### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

90.    Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 89 as if fully set forth herein.

91.    Hardware Resources is the owner of all copyrights in and to the work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1."  Hardware Resources has

obtained United States Copyright Registration No. VA 1-405-310 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work. A picture of the work is attached at Exhibit F and shown below:



"Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1"

92.     On information and belief, Defendant has infringed the copyrights of Hardware Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing work under the name "CORB-A-5" that is a reproduction, derivative work or adaptation of the work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1" owned by Hardware Resources. A picture of Defendant's infringing work is attached at page 4 of Exhibit I and shown below:

"CORB-A-5"

93.    At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1."

94.    On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

95.    By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage.  Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages.  Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

96.    As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.   Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17

U.S.C. §504(c). Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

## Count VII

### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

97.     Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 96 as if fully set forth herein.

98.     Hardware Resources is the owner of all copyrights in and to the work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1." Hardware Resources has obtained United States Copyright Registration No. VA 1-405-310 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work. A picture of the work is attached at Exhibit F and shown below:



"Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1"

99.     On information and belief, Defendant has infringed the copyrights of Hardware Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing work under the name "CORB-A-6" that is a reproduction, derivative work or adaptation of the work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1" owned by

Hardware Resources. A picture of Defendant's infringing work is attached at page 4 of Exhibit I and shown below:



"CORB-A-6"

100. At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1."

101. On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

102. By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage. Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages. Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

103.  As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.  Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c).  Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

### **Count VIII**

### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

104.  Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 103 as if fully set forth herein.

105.  Hardware Resources is the owner of all copyrights in and to the work entitled "Low Profile, Small Wood Corbel With Acanthus Detail -- CORK-1."  Hardware Resources has obtained United States Copyright Registration No. VA 1-405-310 for the work. All relevant provisions of the Copyright Act were complied with in seeking registration for this work.  A picture of the work is attached at Exhibit F and shown below:



"Low Profile, Small Wood Corbel with Acanthus Detail – CORK-1"

106.  On information and belief, Defendant has infringed the copyrights of Hardware

Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing

work under the name "CORB-A-7" that is a reproduction, derivative work or adaptation of the

work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1" owned by

Hardware Resources.  A picture of Defendant's infringing work is attached at page 4 of Exhibit

I and shown below:



"CORB-A-7"

107.  At no time has Hardware Resources authorized Defendant to reproduce, adapt or

distribute its work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-

1."

108.  On information and belief, the foregoing acts of infringement have been willful and

intentional, in conscious disregard of and knowing indifference to the rights of Hardware

Resources.

109.  By reason of Defendant's infringement and threatened continued infringement,

Hardware Resources has sustained and will continue to sustain substantial injury, loss and

damage.  Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's

infringement which cannot be adequately compensated in money damages.  Hardware Resources

is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

110.    As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.    Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c).  Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

## Count IX

### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

111.    Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 110 as if fully set forth herein.

112.    Hardware Resources is the owner of all copyrights in and to the work entitled "Mini Wood Corbel With Acanthus Detail-CORMJ."  Hardware Resources has obtained United States Copyright Registration No. VA 1-405-314 for the work.  All relevant provisions of the Copyright Act were complied with in seeking registration for this work.  A picture of the work is attached at Exhibit G and shown below:



"Mini-Wood Corbel With Acanthus Detail-CORMJ"

113.   On information and belief, Defendant has infringed the copyrights of Hardware Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing work under the name "CORB-A-8"that is a reproduction, derivative work or adaptation of the work entitled "Mini Wood Corbel With Acanthus Detail-CORMJ" owned by Hardware Resources.  A picture of Defendant's infringing work is attached at page 5 of Exhibit I and shown below:



"CORB-A-8"

114.   At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its work entitled "Mini Wood Corbel With Acanthus Detail-CORMJ."

115.   On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

116.   By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage.  Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages.  Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

117.   As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.  Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c).  Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

## Count X

### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

118.   Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 117 as if fully set forth herein.

119.   Hardware Resources is the owner of all copyrights in and to the work entitled "Corbel-CORP-2."  Hardware Resources has obtained United States Copyright Registration No. VA 1-405-316 for the work.  All relevant provisions of the Copyright Act were complied with in seeking registration for this work.  A picture of the work is attached at Exhibit H and shown below:



"Corbel-CORP-2"

120.   On information and belief, Defendant has infringed the copyrights of Hardware Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing work under the name "CORB-A-9" that is a reproduction, derivative work or adaptation of the work entitled "Corbel-CORP-2" owned by Hardware Resources.  A picture of Defendant's infringing work is attached at page 5 of Exhibit I and shown below:



"CORB-A-9"

121.   At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its work entitled "Corbel-CORP-2."

122. On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

123. By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage. Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages. Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

124. As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504. Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c). Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

### Count XI

Federal Copyright Infringement
(*17 U.S.C. § 501 et seq.*)

125. Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 124 as if fully set forth herein.

126. Hardware Resources is the owner of all copyrights in and to the work entitled "Corbel-CORP-2." Hardware Resources has obtained United States Copyright Registration No. VA 1-405-316 for the work. All relevant provisions of the Copyright Act were complied with in

seeking registration for this work.  A picture of the work is attached at Exhibit H and shown below:



"Corbel-CORP-2"

127.  On information and belief, Defendant has infringed the copyrights of Hardware Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing work under the name "CORB-A-10"that is a reproduction, derivative work or adaptation of the work entitled "Corbel-CORP-2" owned by Hardware Resources.  A picture of Defendant's infringing work is attached at page 5 of Exhibit I and shown below:



"CORB-A-10"

128.  At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its work entitled "Corbel-CORP-2."

129.  On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

130.  By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage.  Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages.  Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

131.  As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.  Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c).  Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

## Count XII

### Federal Copyright Infringement
*(17 U.S.C. § 501 et seq.)*

132.  Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 131 as if fully set forth herein.

133.  Hardware Resources is the owner of all copyrights in and to the work entitled "Corbel-CORP-2."  Hardware Resources has obtained United States Copyright Registration No. VA 1-405-316 for the work.  All relevant provisions of the Copyright Act were complied with in

seeking registration for this work. A picture of the work is attached at Exhibit H and shown below:



"Corbel-CORP-2"

134. On information and belief, Defendant has infringed the copyrights of Hardware Resources under 17 U.S.C. § 106 by distributing, selling and/or offering for sale an infringing work under the name "CORB-A-11" that is a reproduction, derivative work or adaptation of the work entitled "Corbel-CORP-2" owned by Hardware Resources. A picture of Defendant's infringing work is attached at page 5 of Exhibit I and shown below:



"CORB-A-11"

135. At no time has Hardware Resources authorized Defendant to reproduce, adapt or distribute its work entitled "Corbel-CORP-2."

136.   On information and belief, the foregoing acts of infringement have been willful and intentional, in conscious disregard of and knowing indifference to the rights of Hardware Resources.

137.   By reason of Defendant's infringement and threatened continued infringement, Hardware Resources has sustained and will continue to sustain substantial injury, loss and damage.   Further, irreparable harm to Hardware Resources is imminent as a result of Defendant's infringement which cannot be adequately compensated in money damages.   Hardware Resources is entitled to an injunction restraining Defendant, its officers, directors, agents, employees, representatives, affiliates and all other persons acting in concert with it from engaging in further acts of copyright infringement.

138.   As a result of Defendant's copyright infringement, Hardware Resources is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. § 504.   Additionally on information and belief, Hardware Resources is entitled to receive statutory damages under 17 U.S.C. §504(c).   Hardware Resources is further entitled to receive its attorneys fees and costs for this action pursuant to 17 U.S.C. § 505.

## Count XIII

### Unfair Competition
*(Cal. Bus. & Prof. Code § 17200 et seq.)*

139.   Hardware Resources repeats and realleges each allegation contained in Paragraphs 1 through 16, 23 and 30 through 65 as if fully set forth herein.

140.   Hardware Resources has expended substantial time, money, effort and resources studying the demands of the decorative wood carving industry to create Hardware Resources' Market Strategy.   Hardware Resources' Market Strategy, includes but is not limited to, determining what Designs to sell, how to sell the Designs, who to sell the Designs to and where

to sell the Designs. Hardware Resources' Market Strategy has been successful at predicting market demands and has given Hardware Resources a competitive advantage in the decorative wood carving industry.

141.    The Designs that Hardware Resources decides to include in Hardware Resources' Catalog is part of Hardware Resources' Market Strategy. A significant amount of time, money, effort and resources are expended by Hardware Resources to determine the types and sizes of the Designs that it advertises and sell to the public through Hardware Resources' Catalog.

142.    Hardware Resources has also expended considerable time, money, effort and resources in developing and continually using a unique set of a family of trademarks to identify its goods, the HR COR Trademarks. All of the HR COR Trademarks include the prefix "COR," along with additional letters and a number. Each of the HR COR Trademarks is associated with a particular decorative wood carving.

143.    Hardware Resources has acquired a fine reputation for the goods that it sells under the HR COR Trademarks because of the uniform high quality of these goods. Because of the inherent distinctiveness of the HR COR Trademarks or because these trademarks have acquired secondary meaning through extensive advertising, use and sales the HR COR Trademarks have come to indicate a single source, namely Hardware Resources, for goods offered by Hardware Resources or under its control or authority.

144.    Defendant is a competitor of Hardware Resources in the decorative wood carving industry. On information and belief, Defendant has mimicked Hardware Resources' Market Strategy in order to usurp Hardware Resources' competitive position in the market and to deceive consumers into believing that Defendant is either Hardware Resources or associated with Hardware Resources.

145.    On information and belief, Defendant did not expend any of its own time, money,
effort and resources to determine which type of decorative wood carvings to offer for sale.
Rather, Defendant copied the Designs offered for sale by Hardware Resources. Defendant's
Catalog contains a copied design for each of the majority of the decorative wood carving
Designs offered for sale in Hardware Resources' Catalog.

146.    On information and belief, Defendant also did not use any of its own time,
money, effort and resources to ascertain the sizes and dimensions of decorative wood carvings
that it offers for sale. The sizes and dimensions for the majority of decorative wood carvings
included in Defendant's Catalog are nearly identical to the sizes and dimensions of the
competitive Designs in Hardware Resources' Catalog.

147.    On information and belief, Defendant did not utilize its own time, money, effort
and resources to create a unique naming and numbering scheme to offer for sale its decorative
wood carvings. Rather, Defendant adopted a similar naming and numbering scheme, namely,
Defendant's Marks, as Hardware Resources, namely, the HR COR Trademarks.

148.    Defendant's conduct described herein constitute unlawful, unfair and fraudulent
business acts and practices in violation of California Business and Professions Code §§17200 *et
seq.* The unlawful business acts, include, without limitation, mimicking and misappropriating
Hardware Resources' Market Strategy to deceive consumers into believing that Defendant is
Hardware Resources or that Defendant is associated with Hardware Resources. Defendant's
unlawful business acts also include usurping the successful marketing strategy of Hardware
Resources in an attempt to destroy the competitive advantage of Hardware Resources.

149.    As a direct and proximate result of these unlawful, unfair and fraudulent
activities, Hardware Resources has suffered and will continue to suffer substantial harm to its

business.  Unless retrained and enjoined from doing so, Defendant will continue to unfairly,

unlawfully and fraudulently use Hardware Resources' Market Strategy to deceive consumers

and harm competition.  Unless Defendant is restrained from the acts complained of, Hardware

Resources and the public will suffer irreparable harm, for which Hardware Resources has not

adequate remedy at law.

150.    As a direct and proximate result of Defendant's unfair, unlawful and fraudulent

activities, Defendant has been unjustly enriched and Hardware Resources is entitled to

disgorgement of monies that Defendant has unjust received as a result of such conduct.

## Count XIV

### Common Law Trademark Infringement

151.    Hardware Resources repeats and realleges the allegations of Paragraph 1 through

150 as if fully set forth herein.

152.    Hardware Resources is the owner of its family of trademarks that incorporate the

prefix "COR," the HR COR Trademarks.  Prior to the acts of Defendant complained of herein,

Hardware Resources has adopted and continuously used Hardware Resources' family of

trademarks that incorporate the prefix "COR, the HR COR Trademarks, in association

decorative wood products throughout this judicial district and the United States.

153.    Because of the inherent distinctiveness of Hardware Resources' family of

trademarks that incorporate the prefix "COR," the HR COR Trademarks, and/or because these

trademarks have acquired secondary meaning in the decorative wood carving industry,

Hardware Resources' family of trademarks that incorporate the prefix "COR" have come to

indicate a single source, namely Hardware Resources, for goods offered by Hardware Resources

or under its surveillance and authority.  As a result of these efforts by Hardware Resources, the

decorative wood carving industry and consumers recognize Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, to identify Hardware Resources exclusively as a source of high quality decorative wood carvings. Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, have acquired wide notoriety and symbolize the goodwill which Hardware Resources has created by the sale of dependable and high quality goods. Consequently, Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, constitute a valuable asset of Hardware Resources.

154.    Subsequent to the adoption and use by Hardware Resources of Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR TrademarksDefendant began infringing Hardware Resources' family of trademarks that incorporate the prefix "COR" by advertising and selling decorative wood carvings similar to those of Hardware Resources under Defendant's Marks, which are confusingly similar to Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, throughout this judicial district and the United States. Such conduct represents common law trademark infringement because it is designed to cause confusion and mistake and to deceive purchasers into believing that Defendant's goods are somehow sponsored by, made by or associated with Hardware Resources.

155.    Defendant's use of Defendant's marks is likely to cause confusion because Defendant's marks and Hardware Resources' family of trademarks that incorporate the prefix "COR" and the HR COR Trademarks are used for similar or identical types of goods, namely, decorative wood carvings. The use of Defendant's Marks by Defendant is further likely to create confusion because the advertising media used by Defendant is the same or similar to that

used by Hardware Resources, the goods are targeted towards the same class of consumers and the goods move in the same channels of trade.

156.    On information and belief, Defendant has attempted to and have passed off goods of Defendant as those of Hardware Resources by using Defendant's Marks in association with decorative wood carvings similar to those of Hardware Resources, but of inferior quality, thereby misleading the public.

157.    Defendant's acts of common law trademark infringement are fraudulent, deliberate, willful and malicious, and have been committed with the intent to cause injury to Hardware Resources and its property rights in Hardware Resources' family of trademarks that incorporate the prefix "COR," the HR COR Trademarks, and to cause confusion, mistake and deception.

158.    Unless Defendant is restrained from the acts complained of, Hardware Resources will suffer irreparable harm, for which Hardware Resources has no adequate remedy at law.

### Demand for Jury Trial

159.    Pursuant to Rule 38(b), Fed. R. Civ. P., Hardware Resources demands a jury trial on all issues so triable.

### Prayer

WHEREFORE, Hardware Resources respectfully requests:

a.    That, pursuant to 15 U.S.C. § 1116 and 17 U.S.C. § 502 Defendant, together with its subsidiaries and affiliates, agents, servants and employees and all those in privy, concert or participation with it, be immediately, preliminary and perpetually enjoined:

> (1)    from reproducing the Works identified in Exhibits "A-H" hereto, from preparing adaptations, from preparing derivative works based on the Works and from distributing copies of the Works to the public by sale or other transfer of ownership or by rental, lease or lending;

(2)    from offering to do any of the acts enjoined in subparagraph (1) above;

(3)    Using Defendant's Mark, or any other reproduction, counterfeit, copy or colorable imitation of the HR COR Trademarks in connection with the advertising, offering for sale, or sale of goods the same or similar to those offered by Hardware Resources;

(4)    Using Defendant's Marks, or any other reproduction, counterfeit, copy or colorable imitation of the HR COR Trademarks in any manner likely to cause confusion, to cause mistake or to deceive;

(5)    Selling or passing off, inducing, or enabling others to sell or pass of any goods used in, the decorative wood carving industry and other related industries or any other goods similar to those offered by Hardware Resources;

(6)    Committing any acts, including, but not limited to marketing activities, which are calculated to cause purchasers to believe that Defendant's goods are Hardware Resources goods in whole or in part unless they are entirely such;

(7)    Otherwise competing unfairly with Hardware Resources in any manner, including, but not limited to, infringing usage of Hardware Resources' COR Trademarks;

(8)    Destroying, altering, disposing of, concealing, tampering with or in any manner secreting any and all business records, invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the providing, advertising, sale or offer for sale of any goods bearing Defendant's Marks and all other trademarks that are confusingly similar to the HR COR Trademarks;

(9)    From engaging in acts constituting unfair competition in violation of California Business and Professions Code §§ 17200 *et seq*; and

(10)   from attempting, causing or assisting in any of the above-described acts to occur.

b.    That, pursuant to 15 U.S.C. § 1118, after final hearing Defendant be required to deliver up for destruction or, alternatively, to obliterate all infringing marks on, their entire

inventory of infringing items, including but not limited to signs, labels, packaging, advertisements, video and audio recordings, computer graphics files, literature, correspondence, invoices, catalogs, molds and matrices and any other material in their position bearing Defendant's Marks or any other mark confusingly similar to the HR COR Trademarks;

c.     That Defendant be required to contact each person who has purchased from them any infringing goods under Defendant's Marks and/or Defendant's Infringing Works and notify that person such were not genuine goods offered by Hardware Resources or under its surveillance or control;

d.     That Defendant be required to contact each person who has received any of the infringing goods under Defendant's Marks and/or Defendant's Infringing Works and notify that person that the goods are not associated with or offered for distribution by Hardware Resources or under its surveillance or control;

e.     That Defendant be required to file with the Court and serve on Hardware Resources within thirty (30) days after service on Defendant of such injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

f.     That upon ten (10) days after notice, for the next five years, Hardware Resources be permitted to inspect and audit Defendant's inventory and all business records to determine compliance with the injunction issued by the Court;

g.     That, pursuant to 15 U.S.C. § 1117, Defendant account and pay over to Hardware Resources all damages sustained by Hardware Resources and profits realized by Defendant by reason of Defendant's unlawful acts alleged herein, that such profits be increased as provided by law and those damages be trebled for the willfulness of Defendant's acts;

h.     That, pursuant to 15 U.S.C. § 1117, the Court hold that this is an exceptional case and award Hardware Resources its attorneys' fees;

i.     That, pursuant to 15 U.S.C. § 1119, any and all Federal trademark applications and/or registrations owned by Defendant, its officers, agents, servants, employees, attorneys, confederates and all persons in active concert or participation with it for Defendant's Marks and any other trademark confusing and similar to the HR COR Trademarks be judicially cancelled and removed from the Principal Register of the United States Patent and Trademark Office;

j.     That any and all state trademark applications and/or registrations owned by Defendant, its officers, agents, servants, employees, attorneys, confederates and all persons in active concert or participation with its for Defendant's Marks and any other trademark confusing and similar to the HR COR Trademarks be judicially cancelled.

k.     That during the pendency of this action, all unauthorized copies of the Works identified in Exhibits "A-H" and all articles and equipment by which they are made, copied, duplicated, or reproduced be impounded, and that Defendant be ordered and directed to deliver upon oath all such unauthorized reproductions, as well as articles and equipment and all other articles and means by which such illegal reproductions may be made to the custody of the Court as provided for in 17 U.S.C. § 503(a) without concealing, destroying or tampering with same in any way, and that in its final judgment the Court order the destruction of all such impounded materials as provided in 17 U.S.C. § 503(b);

l.     That, pursuant to 17 U.S.C. § 504, Defendant be required to account for and pay over to Hardware Resources all profits which Defendant has derived from the infringement of Hardware Resources' copyrights and all damages Hardware Resources has suffered within the provisions of the Copyright Act for the infringements of each separate copyright or, in the

alternative, where appropriate, at Hardware Resources' election, that Defendant be assessed statutory damages in the amount of One Hundred Fifty Thousand Dollars ($150,000.00) per copyright infringed;

m.    That Defendant be required to pay Hardware Resources the costs incurred herein, as well as reasonable attorneys' fees, as provided by 17 U.S.C. § 505;

n.    Disgorgement to Hardware Resources of monies Defendant unjustly received as a result of its unlawful conduct as provided under California law;

o.    That Defendant be required to account for and pay over to Hardware Resources all profits which Defendant has derived from the unfair use of confusingly similar numbering and naming scheme as Hardware Resources;

p.    That Defendant be required to pay Hardware Resources prejudgment interest on the amount awarded and post judgment interest until paid, all at the maximum lawful rate; and

q.    That Hardware Resources have such other and further relief as the Court deems just and proper.

Dated: July 13, 2007                        Respectfully submitted,


                                            JEFFERY G. BAIREY, SB #111271
                                            Attorney For Plaintiff
                                            HARDWARE RESOURCES, INC.