MARK H. HARRIS, SB #133578
     E-Mail:  Harris.Law@att.net
Law Offices of Mark H. Harris
2207 J Street
Sacramento, CA 95816
Telephone:  (916) 442-6155
Fax:  (916) 444-5921

ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
FOR THE OAKLAND DIVISION

| | | |
|---|---|---|
| HARDWARE RESOURCES, INC. | : | CASE NO. C07-03635 |
| | : | |
| Plaintiff, | : | Chief Judge Saundra B. Armstrong |
| | : | |
| v. | : | |
| | : | **DEFENDANT WEST COAST** |
| WEST COAST MOBILE HARDWARE, | : | **MOBILE HARDWARE, INC.'S** |
| INC. | : | **MOTION TO STAY** |
| | : | **PROCEEDINGS** |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

     Defendant, West Coast Mobile Hardware, Inc. ("West Coast"), by and through counsel, respectfully moves this Court for an Order staying further proceedings in this case, pending the outcome of the earlier filed and substantially similar case, *Hardware Resources, Inc. v. Pride Industrial, LLC, et al.*, Case No. 1:07-CV-0244 (S.D. Ohio).  This Motion is supported by the following Memorandum.

Respectfully submitted,


*/s/ Mark H. Harris*
MARK H. HARRIS, SB #133578
E-Mail:  Harris.Law@att.net
Law Offices of Mark H. Harris
2207 J Street
Sacramento, CA 95816
Telephone:  (916) 442-6155
Fax:  (916) 444-5921

Attorney for Defendant West Coast Mobile
Hardware, Inc.


I.  Introduction

This lawsuit involves claims for copyright and trademark infringement relating to wood corbels that West Coast sells.   Plaintiff Hardware Resources, Inc. ("Hardware Resources") previously asserted identical copyright claims against West Coast's supplier, Pride Industrial, LLC ("Pride") and Pride's related entity, Jianguo Industries, Inc. d/b/a Pacific Industries ("Pacific"), in a lawsuit filed in the United States District Court for the Southern District of Ohio captioned *Hardware Resources, Inc. v. Pride Industrial, LLC, et al.*, Case No. 1:07-CV-0244 (S.D. Ohio) (the "Ohio Lawsuit").[1]  Prior to the filing of this action**,** Pride filed its Answer in the Ohio Lawsuit denying the merits of Hardware Resources' copyright claims and also has asserted Counterclaims seeking declaratory judgments for non-infringement and invalidity of the alleged copyrights at issue.[2]  Hardware Resources filed a third lawsuit against another Pride customer, Charles McMurray Co., in the United States District Court for the Eastern District of California

---

[1] The First Amended Complaint also includes some claims under California law. But those claims are substantially identical to, and may be pre-empted by, the Federal claims that are identical to those asserted in the earlier filed Ohio Lawsuit.
[2] Hardware Resources later added Pacific as a defendant in this Ohio Lawsuit.  Pacific and Pride then filed an Amended Counterclaim in the Ohio Lawsuit seeking declaratory judgments for invalidity and non-infringement regarding the alleged Hardware Resources copyrights and trademarks.

2

in Fresno captioned *Hardwood Resources, Inc. v. Charles McMurray Co.,* Case. No. 1:07-CV-01004 (E.D. Cal.) ("Fresno Lawsuit").

Thus, there are now three actions pending that present the same issues as those in this case. Based on common sense and the principles underlying the "first-to-file" rule, there is a compelling basis for this Court to stay this action pending the outcome of the Ohio Lawsuit. A stay will serve the goals of promoting judicial efficiency, discouraging duplicative, piecemeal litigation, and eliminating the risk of inconsistent rulings regarding invalidity and non-infringement in these cases. Thus, for the reasons detailed below, this action should be stayed pending the outcome of the Ohio Lawsuit, the first of Hardware Resources' related lawsuits.

## II.  Factual Background.

West Coast is in the business of selling hardware and decorative wood products in the Northern California area. This lawsuit is focused on certain wood corbels that West Coast purchases from Pride. Pride and Pacific are related entities. Pacific imports decorative wood products and sells them to Pride. Pride distributes the decorative wood moldings to customers, including West Coast, the defendant in this case, and Charles McMurray Co., the defendant in the Fresno Lawsuit.

All of the products about which Hardware Resources complains were imported by Pacific, distributed by Pride, and then sold at the "retail" level by West Coast. All of the wooden corbels that are the subject of Hardware Resources' complaints were created, designed, and developed by persons employed by Pride and Pacific. No one associated with West Coast had any involvement or role in the design of the corbels. Additionally, the "CORB" item designations about which Hardware Resources complains were chosen by Pacific and Pride to identify their decorative wood products. West Coast simply adopted the item number system

used by Pacific and Pride to be consistent with its supplier. Thus, to the extent that discovery concerning the design, development, creation, or manufacture of the corbels will be required in this case, all such discovery would need to be directed to Pride and Pacific, the named defendants in the first filed Ohio Lawsuit. Similarly, all discovery concerning the decision to use the "CORB" item designation for the corbel products would need to be directed to Pride and Pacific since all such decisions were made by those entities, not West Coast.

Hardware Resources filed the Ohio lawsuit on March 27, 2007.[3] This was the first of the three related Hardware Resources' Lawsuits alleging infringement of its alleged intellectual property. The Ohio Lawsuit names both Pride (West Coast's supplier) and Pacific (the principal designer and importer of the corbels at issue) as defendants. The Ohio Lawsuit encompasses all of the copyright and trademark issues that are raised in this case. The Ohio Lawsuit already has a scheduling order, a Stipulated Protective Order, and ongoing discovery. In fact, Pride and Pacific have already served written answers to interrogatories and produced over 1,800 pages of documents in discovery. (See, Affidavit of Donald J. Rafferty attached hereto as Exhibit A).

### III. Argument.

A district court has the power to control its own docket, including broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 683 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), quoted in *Bogard v. Merck & Co., Inc.,* 2007 U.S. Dist. Lexis 12343 (N.D. Cal., Feb. 7, 2007), attached as Exhibit B. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action

---

[3] Hardware Resources Complaint filed on March 27, 2007, Doc. No. 2.

before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-4 (*9th. Cir.* 1979). Although an independent proceeding that bears upon the case may not settle every question of fact or law, a stay is proper when "in all likelihood it will settle many and simplify them all." *Landis,* 299 U.S. at 256.

When determining whether to grant a stay, a district court should consider whether a stay promotes a "just and efficient" resolution of the case, whether the proceedings will conclude in a reasonable time relative to the urgency of the matter, the relative hardships of the parties, and the potential for simplification of issues of fact and law. *Sutton v. State of California*, 2006 U.S. Dist. LEXIS 14150 at *2, (E. D. Cal., March 29, 2006), a copy of which is attached as Exhibit C; *Citicasters Co. v. Country Club Comm.*, 1997 U.S. Dist. LEXIS 17238 at *2-5, (C.D. Cal., July 21, 1997), a copy of which is attached as Exhibit D. The copyrights and trademarks at issue in this matter are identical to the copyrights and trademarks at issue in the Ohio Lawsuit. It makes good sense, therefore, to stay these proceedings pending a decision in the Ohio Lawsuit.

Staying the instant matter pending the outcome of the Ohio Lawsuit will allow the most efficient and consistent resolution of Hardware Resources' claims. The Southern District of Ohio's determination on the issue of validity or invalidity of Hardware Resources' copyrights and trademarks will undoubtedly simplify and focus the issues of law before this Court. For instance, a determination by the court finding Hardware Resources' copyrights and trademarks invalid would negate some, if not all, of Hardware Resources' claims.

And, in the event one or more of Hardware Resources' copyrights and/or trademarks were found to be valid, the Ohio Lawsuit would require the same factual/infringement analysis as would be required in this lawsuit and the Fresno Lawsuit. The wood corbels and item

designations at issue in the instant matter are the identical decorative wood products and item designations at issue in the Ohio Lawsuit. These products were designed by employees of Pride and Pacific. These products are manufactured in China per the designs and specifications of Pacific. They are imported to the U.S. by Pacific and sold to Pride. West Coast purchased the alleged infringing decorative wood products from Pride. Additionally, the "CORB" prefix of which Hardware Resources complains is used by Pride as an item designation for some of its decorative wood products; West Coast simply employs an adapted version of that item designation system. Thus, West Coast can offer little, if any, information bearing on the copyright and trademark infringement issues.

Allowing the Ohio district court to make the determination of validity also prevents the danger of inconsistent rulings. "Avoiding parallel and duplicative proceedings within federal adjudicative systems where there is risk of conflicting rulings justifies a discretionary stay." *Sun Pacific Marketing Coop., Inc. v. Dimare Fresh, Inc.*, 2007 U.S. Dist. LEXIS 32437 at *14, (E.D. Cal., April 18, 2007), a copy of which is attached as Exhibit E. Inconsistent rulings on the validity of Hardware Resources' copyrights and trademarks would prejudice one or more parties and likely lead to conflicting outcomes in the three lawsuits. Instead of clarifying the rights between the parties, inconsistent rulings would have the opposite effect by engendering confusion as to the parties' intellectual property rights and would undoubtedly lead to unnecessary litigation and complex appeals.

Furthermore, West Coast is represented by the same attorneys as Pride, Pacific, and Charles McMurray. Requiring West Coast's attorneys to defend identical and concurrent lawsuits in Ohio, Oakland, and Fresno promotes inefficient use of resources and imposes an unfair and prejudicial hardship on West Coast and its counsel, given the greater expense and time

that would have to be devoted to each. Fundamental fairness dictates that West Coast's resources and the resources of this Court be put to the most efficient use.

Allowing three identical lawsuits to proceed concurrently also imposes hardship on West Coast as well as Pride, Pacific, and Charles McMurray by allowing Hardware Resources to proceed on three different theories of liability if it so chooses. Hardware Resources should not be allowed to have three chances to make its case for infringement. The same theories of liability and the same defenses thereto should apply in all three lawsuits. This highlights the need to narrow the litigation to one lawsuit.

Apart from a district court's discretion to grant a stay, the "first-to-file" rule strongly supports granting of a stay to avoid duplicative litigation in the federal system. *Nova Wines, Inc. v. Adler Fels Winery, LLC*, 2007 U.S. Dist.Lexis 14910 at *7, (N.D. Cal., March 1, 2007), a copy of which is attached as Exhibit F. The first to file rule operates to transfer, stay, or dismiss an action when a similar complaint has been filed in another federal court. *Z-Line Designs, Inc. v. Bell'O Intl.*, LLC, 218 F.R.D. 663, 665 (N.D.Cal. 2003) (copyright and trade dress case). The rule "should not be disregarded lightly." *Church of Scientology v. US Dept. of the Army*, 611 F. 2d 738, 750 (9th Cir. 1979).

As stated recently by this Court:

> "The purpose of the rule is 'to avoid the waste of duplication, to avoid rulings which may trench upon the authority of other courts, and to avoid piecemeal resolution of issues that call for a uniform result.' (Citations omitted). It is also intended to foster federal comity. (Citation omitted). The first-to-file rule does not require that the suits be absolutely identical; the crucial inquiry is one of 'substantial overlap.' The first-filed action is preferred ... 'unless considerations of judicial and litigant economy, and the just and effective resolution of disputes, requires otherwise.' (Citation omitted)."

*Gerin v. Aegon USA, Inc.*, 2007 U.S. Dist. Lexis 28049 (N.D. Cal. April 4, 2007), a copy of

7

which is attached as Exhibit G.

According to the "first-to-file rule, "[i]n determining whether to transfer, stay, or dismiss an action filed elsewhere…, a court considers three factors: 'the chronology of the two actions, the similarity of the parties, and the similarity of the issues.'" *Nova Wines* at *8 (*quoting Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994)). The parties to the lawsuit do not need to be identical parties so long as the lawsuits are "substantially similar." *Id.* (*quoting Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989)).

Under these principles, this case should yield to the first-filed Ohio Lawsuit. Apart from being the first filed, there is a near, if not total, identity of substantive legal issues and operative facts. The wood corbels that are the subject of the copyright claims are the same ones that are at issue in the Ohio Lawsuit. The "CORB" product designations that are the subject of the trademark claims are the same ones that are at issue in the Ohio Lawsuit. Access to evidence bearing on the creation, design, development, manufacture, and importation of the wood corbels is superior in the Ohio Lawsuit given that Pride and Pacific are parties to that action.

Moreover, there is "substantial overlap" among the parties in the actions. First, Hardware Resources is a common party to all three lawsuits. Second, the defendants in all lawsuits are in the same supply chain. Pacific imports decorative wood products; Pride purchases them from Pacific and resells them to West Coast, who in turn sell the products on the retail level. Finally, all the products and item designations at issue in the three lawsuits are common to all defendants. The action before this Court is effectively a "spin-off" of the earlier filed action, and therefore precisely the type of case for which the first-to-file rule was adopted. See *Nakash,* 882 F.2d at 1417.

Clearly, the Ohio Lawsuit, which will resolve the core issues of validity or invalidity of

copyright and trademark, or of infringement or non-infringement, "will provide the most comprehensive solution to the entire controversy." *Continental Insurance Co. v. Fibreboard Corp.*, 1992 U.S. Dist. Lexis 502 at *7 (N.D. Cal., Jan. 8, 1992), attached as Exhibit H.   Staying this litigation will also "preserve judicial resources and prevent a multiplicity of rulings on [these key issues]." *Id*. at *7-8.  See also, *Gerin,* 2007 U.S. Dist. Lexis 28049 at *11.

IV.  Conclusion.

For these reasons, West Coast respectfully moves this Court for an Order staying further proceedings in the instant litigation, pending the outcome of the Ohio lawsuit.

Respectfully submitted,

*/s/ Mark H. Harris*
MARK H. HARRIS, SB #133578
E-Mail:  Harris.Law@att.net
Law Offices of Mark H. Harris
2207 J Street
Sacramento, CA 95816
Telephone:  (916) 442-6155
Fax:  (916) 444-5921


Attorney for Defendant West Coast Mobile
Hardware, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was electronically filed on October 5, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of the foregoing was also served this 5th day of October, 2007, via ordinary electronic mail upon the following:

Jeffery G. Bairey
Alison Yew
Lewis, Brisbois, Bisgaard & Smith, LLP
One Sansome Street, Suite 1400
San Francisco, CA 94104
Email: bairey@lbbslaw.com
Email: yew@lbbslaw.com

George R. Schultz
William D. Harris, Jr.
Schultz & Associates, P.C.
5400 LBJ Freeway
Suite 1200
Dallas, Texas 75240
Email: russ.schultz@grspc.com
Email: bill.harris@grspc.com

*/s/Donald J. Rafferty*
Donald J. Rafferty

462353.4