# Exhibit C

# Motion to Stay Proceedings

Opinion

*Sutton v. State of California,*
2006 U.S. Dist. LEXIS 14150
(E.D. Cal. 2006)

LEXSEE 2006 U.S. DIST. LEXIS 14150

ADAM CLAYTON SUTTON, Petitioner, vs. STATE OF CALIFORNIA, Respondent.

No. CIV S-05-2152 DFL CMK P

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

*2006 U.S. Dist. LEXIS 14150*

March 29, 2006, Decided
March 30, 2006, Filed

**SUBSEQUENT HISTORY:** Writ of habeas corpus dismissed *Sutton v. California, 2007 U.S. Dist. LEXIS 48992 (E.D. Cal., July 5, 2007)*

**COUNSEL:** [*1] For Adam Clayton Sutton, Petitioner: Margaret Joan Littlefield, Law Office of Michael Satris, Bolinas, CA.

For State of California, Respondent: Daniel J. Kossick, Department of Justice, Office of the Attorney General, Sacramento, CA.

**JUDGES:** CRAIG M. KELLISON, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** CRAIG M. KELLISON

**OPINION**

*FINDINGS & RECOMMENDATIONS*

Petitioner is a state prisoner proceeding without counsel and in forma pauperis in this civil rights action. This matter was referred to the undersigned pursuant to *28 U.S.C. § 636(b)(1)(B)* and Local Rule 72-302(b)(21). Currently before the court is respondent's motion to dismiss for lack of subject matter jurisdiction.

Respondent argues that this court lacks subject matter jurisdiction over this petition because California's parole scheme does not give rise to a federally protected liberty interest in parole. In making this argument, respondent relies on the recent decision in *Sass v. California Board of Prison Terms, 376 F.Supp. 2d 975 (E.D. Cal. 2005)*, which found that the California Supreme Court's recent interpretation of the California parole scheme requires a finding that California's parole [*2] statute does not create a liberty interest in parole because prisoners have no legitimate expectation of a release date. *See Sass* at *376 F. Supp 2d. at 983* (relying on *In re Dannenberg, 34 Cal. 4th 1061, 23 Cal. Rptr. 3d 417, 104 P.3d 783 (2005))*.

A trial court has the inherent authority to manage its docket, and it may stay an action pending resolution of independent proceedings which have bearing upon the case. *See Mediterranean Enterprises, Inc. v. Ssangyong Corp., 708 F.2nd 1458, 1465 (9th Cir. 1983)*. In determining whether to grant a stay, a trial court should consider whether a stay will promote the just and efficient determination of the case and whether the proceedings likely will conclude within a reasonable time. *See Leyva v. Certified Grocers of California Ltd., 593 F2d 857, 864 (9th Cir. 1979)*. The court must also consider the relative hardships to the parties and the simplification of issues and questions of law the could result from a stay. *See CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)*.

The question of whether California's parole scheme gives rise to a federally protected liberty interest is pending before [*3] the Ninth Circuit Court of Appeals in *Sass v. California Board of Prison Terms*, Case No. 05-16455. *Sass* was argued before the appellate court on March 16, 2006. However, there is no way of knowing when the appellate court will issue a decision. Should the appellate court decide that California's parole scheme does not give rise to a federally protected liberty interest, respondent could renew its motion to dismiss, thus negating the need for filing an answer and further court proceedings. Additionally, petitioner will suffer little harm if this action is stayed.

The undersigned finds that a stay will promote a just and efficient determination of this case.

Based on the foregoing, IT IS RECOMMENDED that:

1. This action be stayed pending the Ninth Circuit's decision in *Sass v. California Board of Prison Terms*, Case No.05-16455;

2. The Clerk of the Court be directed to administratively close this case; and

3. The respondent be directed to file and serve a status report discussing the activity in *Sass v. California Board of Prison Terms*, Case No.05-16455 within 120 days.

These findings and recommendations are submitted to the United States District Judge assigned to [*4] the case, pursuant to the provisions of *28 U.S.C. § 636(b)(1)*.

Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991)*.

DATED: March 29, 2006.

**CRAIG M. KELLISON**

UNITED STATES MAGISTRATE JUDGE

107040

********** Print Completed **********

Time of Request: Thursday, October 04, 2007   10:24:37 EST

Print Number:    1861:51494349
Number of Lines: 75
Number of Pages:

Send To:   CAMPBELL, JANET
           COHEN TODD KITE & STANFORD LLC
           250 E 5TH ST STE 1200
           CINCINNATI, OH 45202-4139