# Exhibit D

# Motion to Stay Proceedings

Opinion

*Citicasters Co. v. Country Club Communications,*
1997 U.S. Dist. LEXIS 17238
(C.D. Cal. 1997)

LEXSEE 1997 U.S. DIST. LEXIS 17238

**CITICASTERS CO., Plaintiff, v. COUNTRY CLUB COMMUNICATIONS, a California corporation, Defendant.**

Case No. 97-0678 RJK

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

*1997 U.S. Dist. LEXIS 17238; 44 U.S.P.Q.2D (BNA) 1223*

July 21, 1997, Decided
July 21, 1997, Filed

**DISPOSITION:** [*1] Motion to stay granted. Plaintiff's motion for a preliminary injunction and defendant's ex parte application for a continuance denied, the former without prejudice.

**COUNSEL:** For CITICASTERS CO, plaintiff: Alexander H Rogers, Gray Cary Ware Freidenrich, San Diego, CA.

For COUNTRY CLUB COMMUNICATIONS, defendant: Donald M Cislo, Daniel M Cislo, Cislo & Thomas, Santa Monica, CA.

For COUNTRY CLUB COMMUNICATIONS, counter-claimant: Donald M Cislo, Daniel M Cislo, Cislo & Thomas, Santa Monica, CA.

For CITICASTERS CO, counter-defendant: Alexander H Rogers, Gray Cary Ware Freidenrich, San Diego, CA.

**JUDGES:** Robert J. Kelleher, United States District Court.

**OPINION BY:** Robert J. Kelleher

**OPINION**

MEMORANDUM OF DECISION AND ORDER GRANTING COUNTRY CLUB'S MOTION TO STAY

Defendant Country Club Communications asks the court to stay these proceedings so as to await the resolution of the United States Patent and Trademark Office's (the "PTO's") pending cancellation proceeding involving the KIIS Mark in dispute. Defendant and Plaintiff Citicasters present to the court a number of decisions -- some of which suggest deference to administrative panels, while others instruct that courts do not generally defer [*2] to the PTO's Trademark Trial and Appeal Board ("TTAB"). *See e.g., Driving Force, Inc. v. Manpower, Inc.,* 498 F. Supp. 21 (E.D. Pa. 1980) (ordering stay pending TTAB resolution of opposition proceeding); *C-Cure Chem. Co. v. Secure Adhesives Corp.,* 571 F. Supp. 808 (W.D.N.Y. 1983). Compare with, *Goya Foods, Inc. v. Tropicana Products, Inc.,* 846 F.2d 848 (2d Cir. 1988) (finding that a PTO proceeding was not a proper basis to stay the law suit); *E & J Gallo Winery v. F. & P. S.p.A.,* 899 F. Supp. 465 (E.D. Cal. 1994) (adopting the analysis set out in *Goya Foods*). It appears to the court that these contrasting holdings merely reinforce the accepted canon that a decision to stay rests primarily within the district court's discretion -- either under the briefed "primary jurisdiction" doctrine or through the court's power to monitor its own docket.

The Ninth Circuit has held that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, [*3] administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd,* 593 F.2d 857, 863-64 (9th Cir. 1979) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 72 S. Ct. 219, 96 L. Ed. 200 (1952); *Landis v. North American Co.,* 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (additional citations omitted)). The court went on to state: "In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it." 593 F.2d at 864. The Ninth Circuit is yet to back off from the wide latitude given to district courts under this practical

Case 4:07-cv-03635-SBA    Document 15-5    Filed 10/05/2007    Page 3 of 3

Page 2

1997 U.S. Dist. LEXIS 17238, *; 44 U.S.P.Q.2D (BNA) 1223

rule, most recently upholding the language of *Leyva* in *Agcaoili v. Gustafson*, 844 F.2d 620, 624 (9th Cir. 1988), rev'd on other grounds, 870 F.2d 462 (9th Cir. 1989). In affirming the district court's power to regulate its docket, the Supreme Court has recently stated "the District Court has broad discretion to stay proceedings as an incident to its power to control its own [*4] docket. *Clinton v. Jones*, 137 L. Ed. 2d 945, 117 S. Ct. 1636, 1639 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 165-66, 81 L. Ed. 153 (1936))*. Though in *Clinton*, the Supreme Court overruled the grant of a stay, the court recognized that a stay is acceptable when the court properly takes into account the effect of delay and the stage of proceedings.

Because of the lack of demonstrable harm if a stay should be granted, and because of the efficiencies generated by the TTAB first addressing the issues involved in this matter, the court hereby stays the current proceedings. As to potential harm, plaintiff suggests that a period of additional years will result should the court stay the matter. Plaintiff provides no support for this supposition. Certainly, however, plaintiff is correct that deferring to an administrative body over which this court will eventually exercise *de novo* review will result in some time passing before this court makes its determinations. Yet the court finds that any minor delay is countered by the speed at which the court will ultimately be able to decide the issues herein, after the TTAB has offered its essentially [*5] advisory opinion. There will be little in the way of new discovery and the legal issues, though not disposed of, will be clearly set out.

The court acknowledges the reasoning present in such cases as *American Bakeries Co. v. Pan-O-Gold Baking Company*, 650 F. Supp. 563, 566 (D. Minn. 1986) (noting that "the proceedings and determinations of the PTO are of limited importance in a federal court proceeding"). Yet, ultimately, the court rests on precedent that does not require that the relevant administrative body's decisions bind or control -- or even create presumptions that effect -- its determinations. In granting the motion to stay, the court is confident that the TTAB will exercise its specialized knowledge in effecting a determination that will prove valuable to this court. Commensurate with this order, plaintiff's motion for a preliminary injunction and defendant's ex parte application for a continuance are denied, the former without prejudice.

IT IS SO ORDERED.

Date: *JUL 21 1997*

Robert J. Kelleher

United States District Court