# Exhibit F

# Motion to Stay Proceedings

Opinion

*Nova Wines, Inc. v. Adler Fels Winery LLC,*
2007 U.S. Dist. LEXIS 14910
(N.D. Cal. 2007)

LEXSEE 2007 U.S. DIST. LEXIS 14910

**NOVA WINES, INC., Plaintiff v. ADLER FELS WINERY LLC, SAAL BROWN, INC. dba PACIFIC LICENSING, GARY SAAL, TOM KELLY STUDIOS, INC. and DOES 1 THROUGH 10, Defendants. AND RELATED COUNTERCLAIMS.**

No. C 06-6149 MHP

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*2007 U.S. Dist. LEXIS 14910*

March 1, 2007, Decided
March 2, 2007, Filed

**SUBSEQUENT HISTORY:** Stay denied by, Stay granted by *Nova Wines, Inc. v. Adler Fels Winery LLC, 2007 U.S. Dist. LEXIS 63796 (N.D. Cal., Aug. 29, 2007)*

**PRIOR HISTORY:** *Nova Wines, Inc. v. Adler Fels Winery LLC, 2007 U.S. Dist. LEXIS 9141 (N.D. Cal., Jan. 25, 2007)*

**COUNSEL:** [*1] For Nova Wines, Inc., a California corporation, Plaintiff: Anthony B. Leuin, LEAD ATTORNEY, Shartsis Friese LLP, San Francisco, CA.; Erick Charles Howard, LEAD ATTORNEY, Shartsis & Ginsburg LLP, San Francisco, CA.

For Adler Fels Winery LLC, a Minnesota corporation, Defendant: Leo Edward Lindberg, Jr., Mark Leon Sutton, LEAD ATTORNEYS, Surjit P. Soni, The Soni Law Firm, Pasadena, CA.; Michael Danton Richardson, LEAD ATTORNEY, Attorney at Law, Pasadena, CA.

For Saal Brown, Inc., a California corporation doing business as Pacific Licensing, Gary Saal, Tom Kelly Studios, Inc., a California corporation, Defendants: Leo Edward Lindberg, Jr., Mark Leon Sutton, Surjit P. Soni, LEAD ATTORNEYS, The Soni Law Firm, Pasadena, CA.; Michael Danton Richardson, LEAD ATTORNEY, Attorney at Law, Pasadena, CA.

For Donna Holder, Robert Holder, Counter-defendants: Anthony B. Leuin, LEAD ATTORNEY, Shartsis Friese LLP, San Francisco, CA.; Erick Charles Howard, Shartsis Friese LLP, San Francisco, CA.

For Marilyn Monroe LLC, Counter-defendant: Rodney Joseph Stone, Gibson, Dunn & Crutcher, Los Angeles, CA.

For Nova Wines, Inc., Counter-defendant: Anthony B. Leuin, Shartsis Friese LLP, [*2] San Francisco, CA.; Erick Charles Howard, Shartsis Friese LLP, San Francisco, CA.

**JUDGES:** MARILYN HALL PATEL, District Judge.

**OPINION BY:** MARILYN HALL PATEL

**OPINION**

*MEMORANDUM & ORDER* Re: Counterdefendant's Motion to Stay Counterclaims V-X

On September 29, 2006, plaintiff Nova Wines, Inc. ("Nova" or "plaintiff") brought this action against defendants Adler Fels Winery LLC ("Adler Fels"), Saal Brown, Inc. dba Pacific Licensing ("Pacific Licensing"), Gary Saal ("Saal"), and Tom Kelly Studios, Inc. ("TKS") (collectively "defendants") asserting claims for trademark infringement, trade dress infringement, unfair competition and passing off. Defendants filed their answer and counterclaims on November 2, 2006, naming Marilyn Monroe LLC as an additional counterdefendant. Now before the court is Marilyn Monroe LLC's motion to stay defendants' counterclaims V-X. Having considered the parties' arguments and for the reasons stated below, the court enters the following memorandum and order.

*BACKGROUND*

I. *Procedural Background*

This action involves a dispute over the rights to use the name, image and likeness of Marilyn Monroe in connection with the sale of wine. The underlying [*3] facts

Case 4:07-cv-03635-SBA    Document 15-7    Filed 10/05/2007    Page 3 of 5

Page 2
2007 U.S. Dist. LEXIS 14910, *

of this case are set forth in this court's previous Order on Plaintiff's Motion for Preliminary Injunction, *Nova Wines, Inc. v. Adler Fels Winery LLC*, No. C 06-06149 MHP, 467 F. Supp. 2d 965, 2006 U.S. Dist. LEXIS 87592, 2006 WL 3498574, at *1-*3 (N.D. Cal. Dec. 4, 2004) (Patel, J.). Plaintiff filed its complaint on September 29, 2006. Defendants filed their answer and counterclaim on November 2, 2006. Defendants' counterclaim named Marilyn Monroe LLC as an additional counterdefendant. A separate action involving Marilyn Monroe LLC and TKS is currently pending in the Central District of California ("the Central District action").

On January 8, 2007 plaintiff moved to compel arbitration and stay all ten of defendants' counterclaims. At that time, defendants opposed plaintiff's motion as to counts V-X on two grounds. Principally, defendants asserted that plaintiff lacked standing to bring a motion to stay counterclaims brought against Marilyn Monroe LLC. Docket Entry 56 at 7. Additionally, defendants cursorily argued that the counterclaims differed from the claims pending in the Central District in that they "focused on the fact that NOVA and the other third party defendants are claiming trademark rights." *Id.* On January 25, 2007, this [*4] court entered an order compelling arbitration and staying counterclaims I-IV. *Nova Wines, Inc. v. Adler Fels Winery LLC*, No. 06-06149 MHP, 2007 U.S. Dist. LEXIS 9141, 2007 WL 216777 (N.D. Cal. Jan. 25, 2007) (Patel, J.). In light of the fact that Marilyn Monroe LLC had filed the instant motion while the previous motion was pending, this court held plaintiff's previous motion in abeyance as it pertained to counterclaims V-X in order to consider the arguments raised by Marilyn Monroe LLC.

The court now determines whether counterclaims V-X should be stayed in light of the action pending between defendants and Marilyn Monroe LLC in the Central District of California.

II. *Counterclaims V-X*

The counterclaims at issue in this motion are:

    V. Common Law Unfair Competition against all counterdefendants

    VI. Unfair Business Practices under *Section 17200* against all counterdefendants

    VII. Interference with Actual and Prospective Economic Advantage against all counterdefendants

    VIII. Cancellation of Registered Mark against Marilyn Monroe LLC

    IX. Declaratory Relief against all counterdefendants

    X. Constructive Trust against all defendants

Counterclaims V-VII each arise out [*5] of the allegation that Marilyn Monroe LLC and Nova improperly represented to third parties that Marilyn Monroe LLC owned "the rights of publicity, association, sponsorship and/or endorsement, in and to the name and likeness of the late actress Marilyn Monroe," that Nova had the exclusive right to use Monroe's image in connection with the sale of still wines, and that defendants' images of Monroe could not lawfully be used without consent from Nova and Marilyn Monroe LLC. Counterclaim PP 57-58, 66 & 76. Defendants base their counterclaims on their allegations that (1) no rights of publicity, association, sponsorship and/or endorsement exist as to Marilyn Monroe, and (2) TKS's is authorized to use its photographs based on consent obtained from Monroe herself prior to her death. *Id.* PP 59, 67 & 76.

Counterclaim VIII, pled against Marilyn Monroe LLC only, seeks cancellation of the registered trademark in the name "Marilyn Monroe," registration no. 1,889,730, on the grounds that the name serves no trademark function and that Marilyn Monroe LLC has misused the mark. *Id.* PP 79-81.

Count IX seeks a declaratory judgment that either Nova owns no rights of publicity, association, sponsorship [*6] and/or endorsement in and to the name and likeness of Marilyn Monroe, or that TKS is authorized to commercially exploit its images of Marilyn Monroe based on its copyrights and Monroe's alleged consent. *Id.* P 87. Count X seeks the imposition of a constructive trust on "all income or funds received by Counter Defendants from their wrongful acts." *Id.* P 88.

Although plaintiff's complaint concerns only trademark and trade dress allegations, counterclaims V-X make no mention of trademark or trade dress, focusing instead on rights of publicity, association, sponsorship and/or endorsement.

III. *The Central District Action*

TKS has brought the following claims against Marilyn Monroe LLC in the Central District of California:

I. Declaratory Relief

II. False Designation of Origin & False Advertising in Violation of the Lanham Act

III. Common Law Unfair Competition

    IV. Unfair Trade Practices (*Cal. Bus. & Prof. Code § 17200*)

    V. False Advertising (*Cal. Bus. & Prof. Code § 17500*)

VI. Interference with Actual and Prospective Economic Advantage

VII. Imposition of Constructive Trust.

    The central factual allegations [*7] and legal theories underlying claims III-V are the same as those in counterclaims V-VII, except that the Central District claims obviously lack any mention of Nova or the specific facts at issue in this action. Likewise, the declaratory relief and constructive trust claims in the Central District are similar to counterclaims IX and X. Although TKS has not brought a cause of action seeking cancellation the Marilyn Monroe trademark in the Central District, TKS has moved in the Central District for summary judgment on the grounds that Marilyn Monroe LLC has no trademark rights in the name, image, likeness and persona of Marilyn Monroe. Wegner Dec., Exh. B at 2. This motion is currently pending.

*LEGAL STANDARD*

    "The principles of comity allow a district court to decline jurisdiction over an action where a complaint involving the same parties and issues has already been filed in another district." *Barapind v. Reno, 225 F.3d 1100, 1109 (9th Cir. 2000)*. Although there is no precise rule governing whether to decline jurisdiction, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976)*. [*8] In determining whether to transfer, stay or dismiss an action in favor of an action filed elsewhere (the so-called "first to file rule"), a court considers three factors: "the chronology of the two actions, the similarity of the parties, and the similarity of the issues." *Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994)* (Whyte, J.). The parties and issues in each action need not be identical for a court to invoke the first to file rule; "[i]t is enough if the two proceedings are 'substantially similar.'" *Nakash v. Marciano, 882 F.2d 1411, 1417 (9th Cir. 1989)*.

*DISCUSSION*

    The Central District action was undisputably filed prior to this action. The inquiry, therefore, turns on the substantial similarity between the two cases, both in terms of the parties involved and the issues presented.

    As discussed above, defendants' underlying theory--that Marilyn Monroe LLC and Nova are wrongfully claiming exclusive rights related to Marilyn Monroe and discouraging third parties from transacting with defendants--is the same in this action and in the Central District action. To the extent that defendants' counterclaims are brought against [*9] Marilyn Monroe LLC, they are almost completely duplicative and therefore should be stayed. Defendants' assertion that their counterclaims involve trademark and trade dress rights and are therefore distinct from the Central District action is unconvincing. Defendants' counterclaims make no mention of trademark or trade dress, but rather use the same language to describe the rights at issue here that TKS used to describe the rights at issue in the Central District action. Likewise, defendants' trademark cancellation claim may be resolved by the pending summary judgment motion in the Central District. Accordingly, the counterclaims against Marilyn Monroe LLC should be stayed.

    The court further finds that counterclaims V-VII and IX should be stayed against Nova as well. Although Nova and Adler Fels are not parties to the Central District action,[1] their conduct related to the instant action is intertwined with the issues in the Central District action. A determination of Marilyn Monroe LLC's rights will be highly probative as to whether Nova's assertion of those rights was proper. Likewise, a determination of TKS's rights in relation to its photographs of Marilyn Monroe will be relevant [*10] to the determination of Adler Fels' rights to use those same photographs. As each of these sets of rights is being litigated in the Central District action, the court sees no need to litigate them here. While the rights at issue in each case are not identical, the Central District action implicate intellectual property rights involving Marilyn Monroe that are not strictly limited to rights of publicity, and the determinations in that case will be probative here. There is therefore sufficient similarity between the parties and issues in the two actions to justify staying the counterclaims in this action.

       1  Pacific Licensing and Saal are likewise not parties to the Central District action. However, because these parties are in this case by virtue of their status as TKS's licensing agents, the fact that they are not named parties in the Central District action is of little importance in determining whether to invoke the first to file rule.

    Regarding the final counterclaim, the imposition of a constructive [*11] trust depends on liability arising from the remaining counterclaims. As the court finds that the substantive counterclaims should be stayed, counterclaim X should be stayed as well.

    It is worth noting that the court is not dismissing these counterclaims. Nor does the court necessarily hold

that any determinations in the Central District action will be binding on the instant action. The court is merely exercising its discretion to avoid parallel litigation by staying duplicative claims pending their resolution in the Central District.

*CONCLUSION*

For the reasons stated above, the court GRANTS Marilyn Monroe LLC's motion to stay counterclaims V-X. The court likewise GRANTS plaintiff's previous motion to stay as it pertains to counterclaims V-X.

IT IS SO ORDERED.

Dated: March 1, 2007

MARILYN HALL PATEL

District Judge

United States District Court

Northern District of California