# Exhibit H

# Motion to Stay Proceedings

Opinion

*Continental Casualty Company v. Fibreboard Corp..,*
1992 U.S. Dist. LEXIS 502
(N.D. Cal. 1992)

LEXSEE 1992 US DIST LEXIS 502

CONTINENTAL CASUALTY COMPANY, Plaintiff, v. FIBREBOARD CORPORATION Defendants.

No. C 91-2002 RFP

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*1992 U.S. Dist. LEXIS 502*

January 8, 1992, Decided
January 8, 1992, Filed

JUDGES: [*1] Peckham

OPINION BY: ROBERT F. PECKHAM

OPINION

ORDER

INTRODUCTION

This matter comes before the court on the motion of Continental Casualty Company ("Continental") for summary judgment and the motion of Fibreboard Corporation ("Fibreboard") to stay or dismiss this action. Continental seeks a declaration regarding Fibreboard's right to enter into settlements with asbestos bodily injury claimants by assigning its rights against Continental, without Continental's consent and over Continental's objections. In the event the court upholds Fibreboard's right to enter such settlements, Continental seeks a declaration regarding the reasonableness of the amounts of the settlements.

Fibreboard requests that this court exercise its discretion under the Federal Declaratory Judgment Act, *28 U.S.C. § 2201*, and decline jurisdiction and dismiss Continental's complaint or, in the alternative, stay Continental's prosecution of this action in favor of proceedings already underway in other federal courts.

This court grants Fibreboard's motion to dismiss Continental's action for a declaratory judgment in favor of resolution by the United States District Court for the Eastern District of Texas.

BACKGROUND

Fibreboard is [*2] a California company that manufactured asbestos-containing products from 1928 to 1971. Between 1957 and 1959, Fibreboard was insured by Continental, an Illinois insurer that did business in California. When asbestos-related bodily injury claims became prevalent in the late 1970s, Fibreboard filed suit against its insurers, including Continental, in San Francisco Superior Court seeking a declaration that each of the insurers was obliged to defend and indemnify the asbestos claims made against Fibreboard. *See In Re Asbestos Insurance Coverage Cases,* Judicial Council Coordination Proceeding 1072. The suit proceeded through six separate trial phases in California state court over a period of eleven years, with the court entering judgment in favor of Fibreboard in January 1990. The judgment is currently on appeal and it is likely that the appeal will remain undecided until the winter of 1992-93.

On December 7, 1988, Continental and Fibreboard entered into an Interim Settlement Agreement ("Interim Agreement") according to which Continental would provide certain coverage for Fibreboard during the pendency of the appeal.

Since the late 1980s, Fibreboard has been defending against claims [*3] brought by plaintiffs seeking damages for injuries allegedly caused by exposure to asbestos-containing products. Fibreboard has been defending a class action comprised of more than 2,000 claimants in the Eastern District of Texas *(Cimino* action). Similarly, Fibreboard has been defending against more than 500 asbestos-related bodily injury cases consolidated in the Southern and Eastern Districts of New York *(Brooklyn Shipyard* cases). The post-trial settlements which Fibreboard entered into with claimants in these cases are among the disputed settlements in the instant case.

Throughout 1991 Fibreboard has been settling asbestos bodily injury claims against it by assigning proceeds from its insurance policy with Continental. Continental complains that Fibreboard has not provided it with

Case 4:07-cv-03635-SBA    Document 15-9    Filed 10/05/2007    Page 3 of 4

Page 2
1992 U.S. Dist. LEXIS 502, *

any information regarding the claimants and further, has refused to allow Continental to examine files relating to any claimant at this time. Fibreboard has settled and assigned rights in the *Cimino* case and in the *Brooklyn Shipyard* cases. In addition, Fibreboard has apparently entered into other settlement agreements in West Virginia, Guam, and California. Fibreboard is also negotiating [*4] with claimants' counsel across the country in an effort to achieve a "global" assignment settling all, or substantially all, claims against it in both state and federal courts by the end of the year 1992.

On June 28, 1991, Continental filed the instant motion seeking a declaration regarding Fibreboard's lack of authority to enter into such settlements without Continental's participation. [1] On July 9 and 15, 1991, Fibreboard filed third party complaints against Continental in the Eastern District of Texas and the Eastern District of New York seeking to bind Continental to the terms of the settlements entered into in those courts. Fibreboard's complaints filed in those courts, seek a declaration directly contrary to that sought in the action filed here, namely, that Continental has failed to defend Fibreboard and that therefore, Fibreboard is entitled to settle actions over Continental's objection by assigning rights under the policy to the asbestos bodily injury plaintiffs. Fibreboard's complaints seek a declaration that Fibreboard is entitled to settle and assign rights in *all* asbestos cases across the country.

> 1   On July 18, 1991, Continental amended its complaint to seek a declaration regarding Fibreboard's right to enter into *any* settlements, whereas the original complaint sought review only of the *Cimino* settlement in Texas.

[*5] Continental filed motions with those courts requesting that Fibreboard's complaint be stayed or dismissed in light of the proceedings before this court. [2] Both judges refused to stay or dismiss their proceedings. Since the filing of the instant motions, Continental has joined the settlements with the New York plaintiffs and therefore, Fibreboard's motion regarding the Fibreboard's power to assign rights before Judge Weinstein has now been taken off the calendar. (Letter from Sarah M. Shields, dated October 15, 1991). Judge Schell, of the Eastern District of Texas, heard argument on Fibreboard's motion for summary judgment regarding the issue of the enforceability of the settlement on September 27, 1991 and the matter remains under submission in his court.

> 2   In addition, Continental filed an application to the Multidistrict Litigation Panel for consolidation of the California, New York and Texas actions. Continental withdrew the application, however, because it considered that the panel's request for individual claimant lists and case numbers for the thousands of plaintiffs whose cases have been consolidated or made class actions would so delay the proceedings that it did not remain a viable approach to handling these cases.

[*6] DISCUSSION

A district court has broad discretion to refuse declaratory relief under the Federal Declaratory Judgment Act. *26 U.S.C. § 2201*; *Green v. Mansour, 474 U.S. 64, 72 (1985)* (The statute "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant"). The exercise of the discretion to refuse to grant declaratory relief is particularly appropriate when another pending action will dispose of all controverted issues and when relief is sought in anticipation of the resolution of the issue in a court of coordinate jurisdiction. *Kunkel v. Continental Cas. Co., 866 F.2d 1269, 1276 (10th Cir. 1989)* ("A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding); *Crowley Cutlery Co. v. U.S., 849 F.2d 273 (7th Cir. 1983)* (decision of Illinois district court to dismiss declaratory relief action proper where similar issues before Eighth Circuit); *Ven-Fuel, Inc. v. Department of the Treasury, 673 F.2d 1194 (11th Cir. 1982)*; [*7] *Great American Ins. v. Houston General Ins., 735 F. Supp. 581, 584 (S.D.N.Y. 1990)*.

A district court may decline to entertain the suit by deferring to another federal court even though the declaratory relief action was filed first. *Great American Ins., 735 F. Supp. at 585* ("While generally a court will give weight to the fact that the declaratory judgment action was filed first, the first-filed rule should not be applied mechanically"). The court must consider which action will provide the most comprehensive solution to the entire controversy.

In the instant case two other federal courts have declined to stay the issues raised in Continental's request for declaratory relief. Although the New York dispute eventually reached a settlement which included the participation of Continental, the matter is still pending before Judge Schell of the Eastern District of Texas. Because that issue is already before Judge Schell and he has refused to stay the action, this court elects to refrain from ruling on the issue of Fibreboard's right to undertake the disputed settlements in order to preserve judicial resources and prevent a multiplicity of rulings on [*8] this issue.

Continental maintains that this court should not decline to hear this action in favor of the other proceeding

because Continental's motion for a declaratory judgment on these issues was filed first. However, the first to file rule, as noted above, is not a rigid rule. *McGraw-Edison Company v. Preformed Line Products Company,* 362 F.2d 339, 343 (9th Cir.) *cert. denied,* 385 U.S. 919 (1966). Thus, while the date of a filing may be a factor to consider in determining whether to stay one of two competing matters, it is not determinative.

Fibreboard argues that Continental filed this action in anticipation of the third party complaints which Fibreboard subsequently filed in New York and Texas and therefore, Continental's claim should be dismissed as an abuse of the Declaratory Judgment Act. The facts suggest that Continental was indeed aware of Fibreboard's pursuit of settlements in New York and Texas. This court does not find it necessary, however, to construe these facts to indicate that Continental abused the policies of the Declaratory Judgment Act by attempting to beat Fibreboard in a race to the courthouse. Instead, this court simply [*9] finds that the policies underlying the Declaratory Judgment Act would not be served by proceeding with a declaratory judgment in circumstances such as these, in which the identical question is before another federal court that has indicated that it will proceed with the issue and resolve the dispute.

The Declaratory Judgment Act is intended to provide an opportunity for a party to a controversy to have that dispute resolved promptly rather than having to wait for the party possessing the right to sue to choose to bring the matter into court, particularly where delay would prejudice the plaintiff seeking declaratory relief. In this case, the Eastern District of Texas has indicated that it will decide exactly the question presented in this court. Thus, Continental will not be prejudiced by undue delay despite the fact that their action was filed first.

Moreover, should Continental's motion be decided in favor of the authority of Fibreboard to enter the settlements, this court would be required to determine the reasonableness of the settlements. Although it is clear that no single forum would have a familiarity with the underlying facts of all settlements, this court is not currently [*10] familiar with any underlying asbestos-bodily injury settlement. In contrast, the Texas district court currently deciding this issue as raised in Fibreboard's third-party complaint has been involved with the more than 2,000 claims currently pending in the *Cimino* class action. Therefore, this court considers it wise to defer to the expertise and familiarity of the Texas court in assessing the reasonableness of the settlements, should that issue arise.

In light of the foregoing, this court grants Fibreboard's motion for dismissal of Continental's action for a declaratory judgment in favor of the proceedings filed in the Eastern District of Texas which raise identical issues to those presented to this court. Thus, this court does not reach the merits of Continental's motion for summary judgment.

CONCLUSION

Fibreboard's motion to dismiss Continental's action for declaratory relief is granted and,

The court does not reach the merits of Continental's motion for summary judgment.

IT IS SO ORDERED.

Dated: January 8, 1992

Robert F. Peckham

United States District Judge