MARK H. HARRIS, SB #133578
E-Mail: Harris.Law@att.net
Law Offices of Mark H. Harris
2207 J Street
Sacramento, CA 95816
Telephone: (916) 442-6155
Fax: (916) 444-5921

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
FOR THE OAKLAND DIVISION

| | |
|---|---|
| HARDWARE RESOURCES, INC.<br><br>Plaintiff,<br><br>v.<br><br>WEST COAST MOBILE HARDWARE, INC.<br><br>Defendant. | CASE NO. C07-03635<br><br>Chief Judge Saundra B. Armstrong<br><br>**DEFENDANT WEST COAST MOBILE HARDWARE, INC.'S ANSWER** |

For its answer to Plaintiff Hardware Resource Inc.'s ("Hardware Resources" or "Plaintiff") Complaint, Defendant West Coast Mobile, Hardware, Inc. ("Defendant") states as follows:

**FIRST DEFENSE**

1. Admitted.

2. Admitted.

3. Defendant denies the allegations of paragraph 3 for lack of knowledge.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant admits that the Complaint makes allegations concerning trademark infringement, unfair competition, and copyright infringement but denies the substance of those allegations.

11. Defendant admits that Hardware Resources sells cabinet and furniture hardware, as well as decorative wood items. Defendant denies the remaining allegations of paragraph 11.

12. Denied.

13. Defendant admits that Hardware Resources sells its products directly and through distributors. Defendant denies the remaining allegations of paragraph 13.

14. Denied.

15. Defendant admits that Hardware Resources advertises products on the internet, through catalogs, distributors, and trade shows. Defendant denies the remaining allegations of paragraph 15.

16. Denied.

17. Defendant admits that Hardware Resources purports to own a copyright registration for certain "Grape Corbel Designs," but denies that such registration or the underlying copyrights are valid. Defendant denies the remaining allegations of paragraph 17.

18. Defendant admits that Hardware Resources purports to own a copyright registration for certain "Acanthus Corbel Designs," but denies that such registration or the underlying copyrights are valid. Defendant denies the remaining allegations of paragraph 18.

19. Defendant admits that Hardware Resources purports to own a copyright

registration for certain grape corbel designs, but denies that such registration or the underlying copyrights are valid. Defendant denies the remaining allegations of paragraph 19.

20. Defendant admits that Hardware Resources purports to own a copyright registration for certain acanthus designs, but denies that such registration or the underlying copyrights are valid. Defendant denies the remaining allegations of paragraph 20.

21. Denied.

22. Denied.

23. Defendant admits that it purchases and sells decorative wood products. Defendant denies the remaining allegations of paragraph 23.

24. Denied.

25. Denied

26. Defendant admits that it offers products for sale through a catalog. Defendant denies the remaining allegations of paragraph 26.

27. Defendant admits that it did not obtain authorization from Hardware Resources to import, distribute, or sell any products, but denies that any such authorization or approval is necessary. Defendant denies the remaining allegations of paragraph 27.

28. Denied.

29. Denied.

30. Defendant admits it uses "CORB" item designations for some of its products. Defendant denies the remaining allegations of paragraph 30.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendant incorporates its previous assertions as if fully re-written.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Defendant admits it uses "CORB" item designations for some of its products. Defendant denies the remaining allegations of paragraph 50.

51. Defendant admits it uses "CORB" item designations for some of its products. Defendant denies the remaining allegations of paragraph 51.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendant incorporates its previous assertions as if fully re-written.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Defendant incorporates its previous assertions as if fully re-written.

67. Defendant admits that Hardware Resources purports to be the owner of a copyright in a work entitled "Grape Corbel Design." But Defendant denies that such copyright registration is valid. Defendant denies the remaining allegations of paragraph 67.

68. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in the work entitled "Large Grape Wood Corbel – CORA-3." But Defendant denies that such registration is valid. Defendant denies the remaining allegations of paragraph 68.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Defendant incorporates its previous assertions as if fully re-written.

75. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled "Grape Corbel Design." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 75.

76. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled "Large Grape Wood Corbel – CORA-3." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 76.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Defendant incorporates its previous assertions as if fully re-written.

83. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled "Grape Corbel Design." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 83.

84. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled "Large Grape Wood Corbel – CORA-3." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 84.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Defendant incorporates its previous assertions as if fully re-written.

91. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled “Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1.” But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 91.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Defendant incorporates its previous assertions as if fully re-written.

98. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled “Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1.” But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 98.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied.

104. Defendant incorporates its previous assertions as if fully re-written.

105. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled "Low Profile, Small Wood Corbel With Acanthus Detail – CORK-1." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 105.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Defendant incorporates its previous assertions as if fully re-written.

112. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled "Mini-Wood Corbel With Acanthus Detail - CORMJ." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 112.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Defendant incorporates its previous assertions as if fully re-written.

119. Defendant admits that Hardware Resources purports to be the owner of a

copyright registration in a work entitled "Corbel–CORP-2." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 119.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Defendant incorporates its previous assertions as if fully re-written.

126. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled "Corbel–CORP-2." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 126.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Defendant incorporates its previous assertions as if fully re-written.

133. Defendant admits that Hardware Resources purports to be the owner of a copyright registration in a work entitled "Corbel–CORP-2." But Defendant denies that such registration is valid. Defendant denies the remaining allegations in paragraph 133.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Defendant incorporates its previous assertions as if fully re-written.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Defendant admits that it purchases and sells decorative wood products. Defendant denies the remaining allegations of paragraph 144.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Defendant incorporates its previous assertions as if fully re-written.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Admitted.

**SECOND DEFENSE**

160. Plaintiff's Complaint should be dismissed because the copyright registrations upon which the claims are predicated are invalid. Among other things, the underlying works are not original, the designs were not created by Hardware Resources or its employees, Hardware Resources copied the designs from pre-existing products, and there is no original content that is copyrightable.

**THIRD DEFENSE**

161. Plaintiff's Complaint should be dismissed because the designs regarding the works at issue were in the public domain and were generally available prior to any alleged creation, publication, or distribution of them by Hardware Resources.

**FOURTH DEFENSE**

162. Plaintiff's Complaint should be dismissed because, to the extent the copyright registrations are valid in any respect, the original elements of the Plaintiff's designs are less than minimal and no element of Defendants' products infringes any original copyrightable element of the Hardware Resources' registrations.

**FIFTH DEFENSE**

163. Plaintiff's Complaint should be dismissed because any use of the alleged copyrighted designs by Defendant constituted fair use.

**SIXTH DEFENSE**

164. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SEVENTH DEFENSE**

165. Plaintiff's claims are barred under the doctrine of estoppel.

**EIGHTH DEFENSE**

166. The corbels at issue are "useful articles" and, therefore, not subject to protection under the United States Copyright Act.

**NINTH DEFENSE**

167. Plaintiff's claims are barred by collateral or judicial estoppel.

**TENTH DEFENSE**

168. Plaintiff's Complaint should be dismissed because the alleged trademarks upon which the claims are predicated are invalid. Among other things, the alleged "HR COR Trademarks" are generic, are simple descriptive terms, have no secondary meaning, and are not original content that is protected by trademark law. Additionally, the "COR" prefix in which Hardware Resources alleges some trademark interest was not created by Hardware Resources or its employees.

**ELEVENTH DEFENSE**

169. Plaintiff's Complaint should be dismissed because the "COR" prefix in which Plaintiff alleges some trademark interest was in the public domain and as generally available prior to any alleged creation, publication, or distribution of the alleged "HR COR Trademarks."

**TWELFTH DEFENSE**

170. Plaintiff's Complaint should be dismissed because the "CORB" item designation used by Defendant is not confusingly similar to Plaintiff's alleged "HR COR Trademarks" or otherwise likely to cause confusion as to their affiliation with the alleged "HR COR Trademarks."

**THIRTEENTH DEFENSE**

171. Plaintiff's Complaint should be dismissed because any use of the alleged "HR COR Trademarks" by Defendant constituted fair use.

**FOURTEENTH DEFENSE**

172. Defendant reserves the right to raise additional and/or withdraw any of the foregoing affirmative defenses as may become necessary during the investigation and/or discovery of this action.

WHEREFORE, Defendant demands that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff be ordered to pay Defendant's attorney's fees and costs incurred in this action, and that the Court grant such other relief as it deems just and equitable.

Respectfully submitted,

*/s/ Mark H. Harris*__________________

MARK H. HARRIS, SB #133578
E-Mail: Harris.Law@att.net
Law Offices of Mark H. Harris
2207 J Street
Sacramento, CA 95816
Telephone: (916) 442-6155
Fax: (916) 444-5921

Attorney for Defendant West Coast Mobile Hardware, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was electronically filed on October 5, 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of the foregoing was also served this 5th day of October, 2007, via ordinary electronic mail upon the following:

Jeffery G. Bairey
Alison Yew
Lewis, Brisbois, Bisgaard & Smith, LLP
One Sansome Street, Suite 1400
San Francisco, CA 94104
Email: bairey@lbbslaw.com
Email: yew@lbbslaw.com

George R. Schultz
William D. Harris, Jr.
Schultz & Associates, P.C.
5400 LBJ Freeway
Suite 1200
Dallas, Texas 75240
Email: russ.schultz@grspc.com
Email: bill.harris@grspc.com

*/s/Donald J. Rafferty*
Donald J. Rafferty