GEORGE R. SCHULTZ, Tex #17837500, *Pro Hac Vice*
  E-Mail**:** russ.schultz@grspc.com
SCHULTZ & ASSOCIATES, P.C.
5400 LBJ Freeway, Suite 1200
Dallas, Texas 75240
Telephone: (214) 210-5940
Facsimile: (214) 210-5941

JEFFERY G. BAIREY, SB# 111271
  E-Mail: bairey@lbbslaw.com
ALISON YEW, SB# 173158
  E-Mail: yew@lbbslaw.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One Sansome Street, Suite 1400
San Francisco, California  94104
Telephone: (415) 362-2580
Facsimile: (415) 434-0882

Attorneys For Plaintiff
HARDWARE RESOURCES, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| HARDWARE RESOURCES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> WEST COAST MOBILE HARDWARE, INC., DOES 1 THROUGH 10, <br><br> Defendant. | Case No.:  C07-03635 <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

**1. Jurisdiction and Service:**

a. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. §1121 because this case arises under the Copyright Laws of the United

States, 17 U.S.C. § 101 *et seq.* ("Copyright Act") and under the Trademark Act of 1946, *as amended*, 15 U.S.C. § 1051 *et seq.*

  b. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because the subject matter in controversy exceeds the value of $75,000 and the parties are citizens of different states.

  c. This Court has subject jurisdiction over the unfair competition claims herein, under the provisions of 28 U.S.C. § 1338(b), because these claims are joined with substantial and related claims under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*

  d. This Court has supplemental jurisdiction over the claims in this Complaint which arise under the laws of the State of California pursuant to 28 U.S.C. § 1367(a) since the State law claims are so related to the Federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

  e. No issues exist regarding personal jurisdiction or venue.

  f. All parties have been served.

**2. Facts:**

  a. This is a trademark infringement, copyright infringement and unfair competition case. Plaintiff contents that it has adopted and used a family of trademarks, before Defendant, that feature a distinguishing and distinctive feature, namely, the prefix "COR" (the "HR COR Trademarks") to sell its decorative wood carvings. Examples of the HR COR Trademarks include: CORA-1, CORA-2, CORA-3, CORB-1, CORB-2, CORB-3, CORBBW-1, CORC-1, CORC-2, CORC-3, CORE, CORF, CORI, CORI-1, CORK-1, CORK-2, CORK-3, CORMJ, CORMI, CORMW-1, CORP-1, CORP-2 and CORP-3. Plaintiff also contends to be the owner of at least eight (8) copyright registrations for original designs for decorative wood carvings that were created by Plaintiff ("Works"). Additionally, Plaintiff contends that as a result of substantial time, energy, money and effort, it has created a specific and unique market strategy to advertise and sells its goods under the HR COR Trademarks ("Market Strategy").

      b.     Defendant distributes and resells decorative wood carvings to consumers. Plaintiff complains that Defendant's conduct of copying, distributing, selling and importing at least ten (10) different works that are strikingly similar to Plaintiff's Works ("Defendant's Works") constitutes copyright infringement under the laws of the United States of the copyrights owned by Plaintiff in the Works. Defendant denies that Defendant's Works are "strikingly similar" to Plaintiff's Works. Defendant also denies that it copied anything from Plaintiff since, among other things, Defendant had no role in the design of Plaintiff's Works.

      c.     Defendant uses the following marks in association with some of its decorative wood carvings: CORB-A-1, CORB-A-2, CORB-A-3, CORB-A-4, CORB-A-5, CORB-A-6, CORB-A-7, CORB-A-8, CORB-A-9, CORB-A-10, CORB-A-11, CORB-G-1, CORB-G-2, CORB-G-3, CORB-G-5, CORB-BW-1, CORB-BW-4, CORB-T-1, CORB-T-2, CORB-T-3, CORB-T-4 and CORB-T-5 ("Defendant's Marks"). Plaintiff contends that Defendant's Mark is so similar to the HR COR Trademarks that Defendant's action of using Defendant's Mark to sell, offer for sale, distribution and advertisement of decorative wood carvings to consumers throughout California and the United States is likely to cause confusion, to cause mistake or to deceive consumers as to the source of origin of Defendant's goods. Defendant denies that the HR COR Trademarks are protectable trademarks under applicable law. Defendant also denies that any confusion, mistake, or deception exists among consumers as a result of the "Defendant's Marks."

      d.     Plaintiff further contends that Defendant's uses market strategy that is nearly identical to Plaintiff's Market Strategy. For example, Defendant offers for sale a range of products that are nearly identical in type, design and dimension to Plaintiff under trademarks that

confusingly similar to Plaintiff's HR COR Trademarks. Defendant denies all of Plaintiff's allegations concerning the "Market Strategy" claims.

      e.    *Principal Facts in Dispute.*

          i.    Validity of Plaintiff's Works and the validity of Plaintiff's HR COR Trademarks.

          ii.    Whether Defendant's Works are substantially similar to Plaintiff's Works.

          iii.    Whether the HR COR Trademarks have any secondary meaning or recognition as originating from a single source among the public.

          iv.    Whether the use of product designations "COR" or "CORB" for wooden corbel products can be considered distinctive where, among other things, other companies in the industry use the same or similar product designations schemes.

**3.  Legal Issues:**

      a.    *Plaintiff's Trademark Infringement Claims*

          i.    Plaintiff contends that is the owner of a family of trademarks, the HR COR Trademarks" that incorporate the prefix "COR" that have been and are now recognized by the public and the trade as originating from a single source, namely, Plaintiff. Plaintiff further contends that its HR COR Trademarks are inherently distinctive and or have acquired secondary meaning. Defendant asserts that the HR COR Trademarks are not valid trademarks. Defendant also denies that they are distinctive in any way or that they have acquired any secondary meaning.

          ii.    Plaintiff further contends that Defendant's use of Defendant's Marks is a violation of 15 U.S.C. §1125(a)(1)(A) because Defendant has, on or in connection with goods,

namely, decorative wood carvings, used in commerce, words or other symbols, namely Defendant's Marks, that tend to falsely describe or represent goods which are likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of Defendant with Plaintiff as to the source of origin, sponsorship or approval of Defendant's goods, services or commercial activities. Defendant denies these contentions.

    iii. Plaintiff further contends that Defendant's use of Defendant's Marks is likely to cause confusion between Defendant and Plaintiff as a source of goods because Defendant's Marks and the HR COR Trademarks are both used for identical goods, marketed towards similar consumers, advertised in similar manners and through similar channels of trade. Defendant denies these contentions.

  b. *Plaintiff's Copyright Infringement Claims*

    i. Plaintiff contends that Defendant has infringed Plaintiff's copyrights under 17 U.S.C. §106 by distributing, selling and/or offering for sale ten (10) different infringing works that are a reproduction, derivative work, compilation or adaptation of Works owned by Hardware Resources. Defendant asserts that Plaintiff's Works are not valid copyrights. If they are deemed to be valid in any respect, Defendant denies that it infringes any validly copyrightable element of Plaintiff's Works.

  c. *Plaintiff's Unfair Competition Claims*

    i. Plaintiff contends that Defendant's conduct of mimicking Plaintiff's Market Strategy, using Defendant's Marks and any other reproduction, counterfeit, copy or colorable imitation of the HR COR Trademarks and copying the range and specific products offered for sale by Plaintiff constitutes unlawful, unfair and fraudulent business acts and practices in violation of California Business and Professions Code. §§17200 *et seq.* Defendant

denies that it mimics Plaintiff or its business methods in any way. Defendant denies all of Plaintiff's other contentions in this regard, as well.

**4. Motions:**
    a. On October 5, 2007, Defendant filed "Defendant West Coast Mobile Hardware, Inc.'s Motion to Stay Proceedings" [Doc. #15]. Plaintiff has not filed its response to this Motion.

    b. There are not other prior or pending motions.

    c. The parties anticipate that dispositive motions will be filed.

**5. Amendment and Pleadings:**
    a. The Parties do not anticipate amending their pleadings at this time.

    b. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties is May 16, 2008.

**6. Evidence Preservation:**
    a. Prior to the initiation of this litigation, Plaintiff's counsel advised Plaintiff of its duties to preserve evidence related to the issues in this action, to cease any document destruction programs or the destruction of e-mails, voicemails and other electronically-recorded materials that may be related to issues in this action. All pertinent employees of Plaintiff have been advised to preserve evidence and are believed to be doing so accordingly.

    b. Defendant's counsel has advised Defendant of its obligations to preserve evidence.

**7. Disclosures:**
    a. On October 12, 2007, Plaintiff served Defendant with its Rule 26(a)(1) Initial Disclosures. Plaintiff has fully and timely complied with its initial disclosure requirements of Fed. R. Civ. P. 26.

      b.     Defendant's Rule 26(a)(1) Initial Disclosures will be served on October 15, 2007.

**8. Discovery:**
      a.     Except Plaintiff's Initial Disclosures, no discovery has been taken to date.

      b.     Scope of Anticipated Discovery: Plaintiff contemplates written discovery and depositions of Defendant, several third parties and potential expert witnesses to determine: Defendant's knowledge of Plaintiff, Plaintiff's "Works", the "HR COR Trademarks" and Plaintiff's "Market Strategy; Defendant's creation, sales, marketing, distribution and manufacturing of its "Accused Corbel Designs" and profits associated therewith; all redesigns of Defendant's "Accused Corbel Designs"; Defendant's use and creation of "Defendant's Marks"; sales, distribution, advertising, marketing and promotion of goods or services in association with "Defendant's Marks" by Defendant or under its authority and all profits associated therewith; confusion between Plaintiff and Defendant due to Defendant's use of "Defendant's Marks"; licenses to use "Defendant's Marks"; the quality of goods sold, advertised or marketed by Defendant; Defendant's reputation in the wood carving industry; Defendant's process of determining what type of products to advertise, market and sell; how Defendant advertises, markets and sells its products; corporate and business history of Defendant; business and contractual relationship between Defendant and Pride Industrial, LLC ("Pride") or Jianguo Industries, Inc. d/b/a Pacific Industries. Discovery will also be required as to Defendant's counterclaims.

  **9. Class Actions:** This matter is not a class action.

  **10. Related Cases:** There are two (2) other pending lawsuits that are arguably related. Plaintiff has filed a suit in the Southern District of Ohio against Defendant's supplier, Pride, and Jianguo Industries, Inc.; Hardware Resources, Inc. v. Pride Industrial, LLC et al., 1:07 CV 244

(S.D. Ohio 2007). Defendant contends that the Ohio lawsuit is the primary basis for Defendant's Motion to Stay. Plaintiff has also filed another lawsuit in the Eastern District of California against another one of Pride's customers, Charles McMurray Co.; Hardware Resources v. Charles McMurray, 1:07-CV-01004-AWI (E.D. Cal. 2007). Plaintiff contents that the cases encompass similar products, Works and the HR COR Trademarks. Defendant contends that the cases encompass identical products, Works and the HR COR Trademarks.

**11. Relief:**

    a.    Defendant be preliminary and permanently enjoined from reproducing Plaintiff's Works, from preparing adaptations or derivative works based on the Works or by distributing copies of the Works to the public for sale.

    b.    Defendant be preliminarily and permanently enjoyed from using Defendant's Marks or any other reproduction, counterfeit, copy or colorable imitation of the HR COR Trademarks in any matter likely to cause confusion, to cause mistake or to deceive.

    c.    Defendant be preliminarily and permanently enjoined from engaging in acts constituting unfair competition in violation of California Business and Professions Code §§17200 *et seq.*

    d.    Pursuant to 15 U.S.C. §1117, Defendant account and pay over to Plaintiff all damages sustained by Plaintiff and profits realized by Defendant as a result of Defendant's unlawful acts alleged herein and that such profits be increased as provided by law and damages be trebled for the willfulness of Defendant's acts.

    e.    Pursuant to 17 U.S.C. §504, Plaintiff is entitled to receive its actual damages and Defendant's profits as provided by 17 U.S.C. §504, statutory damages under 17 U.S.C. §504(c) and attorneys fees and costs pursuant to 17 U.S.C. §505.

**12. Settlement and ADR:**

    a.    The Parties are currently discussing settlement, a possible ADR plan and compliance with ADR L.R. 3-5.

      b.    In order for Plaintiff to make a settlement offer, it intends to seek discovery on at least the following subjects:

- Documents and/or testimony sufficient to identify all distributors of Defendant who have sold or offered for sale any of the infringing products

- Documents and/or testimony related to Defendant's creation of the infringing products, the creator of the infringing work and Defendants' relationship to the creator of the infringing works;

- Documents and/or testimony related to Defendant's access to Plaintiff's copyrighted designs;

- Documents sufficient to identify all products sold, offered for sale and otherwise transferred by Defendant to any third party that incorporate Plaintiff's copyrighted designs, the HR COR Trademarks and all designs and marks sold by Defendant similar thereto;

- Documents and/or testimony sufficient to identify Defendant's entire inventory of the infringing products over a space of time from at least 2004 to the present;

- Documents and/or testimony sufficient to identify all infringing products sold, where they were sold and who they were sold to;

- Documents and/or testimony sufficient to identify all manufacturers of the infringing products;

- Documents and/or testimony sufficient to provide an accounting of Defendant's profits from all sales of the infringing products;

- Documents and/or testimony sufficient to identify the quality of the infringing products;

- Documents and/or testimony sufficient to identify all offers for sale of infringing products and to whom such offers were made; and

- Document and/or testimony sufficient to address issues of willfulness.

**13. Consent to Magistrate Judge For All Purposes:**  The Parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References:**  This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues:**  The Parties do not believe that any of the issues can be narrowed at this time.

**16. Expedited Schedule:**  The Parties do not believe that this type of case can be handled on an expedited basis with streamlined procedures.

**17. Scheduling:**

    a.    Recommended date for identifying primary experts:  February 15, 2008

    b.    Recommended date for producing primary expert reports:  March 15, 2008

    c.    Recommended date for identifying rebuttal experts:  March 1, 2008

    d.    Recommended date for producing rebuttal expert reports:  July 1, 2008

    e.    Recommended discovery cut-off date:  August 15, 2008

    f.    Recommended dispositive motion deadline:  October 15, 2008

    g.    Recommended date for final pretrial conference:  November 14, 2008

    h.    Recommended date for trial:  December 18, 2008

**18. Trial:**  The case will be tried to a jury.  The Parties estimate that the trial should last between four (4) and six (6) days.

**19. Disclosure of Non-party Interested Entities or Persons.**  Plaintiff filed its "Certificate of Interested Entities or Persons" on October 12, 2007.  Plaintiff states that 2003 Riverside Capital Appreciation Fund, L.P., a Delaware limited partnership, owns ten percent (10%) or more of the common stock of Plaintiff Hardware Resources, Inc.

**20. Other Matter:**  The parties believe that a Joint Protective Order will be required to protect sensitive business information of the parties during discovery and trial of this case.  The

1  parties anticipate negotiating the terms of such an order and submitting it to the Court in about
2  thirty (30) days.
3     **21. <u>Attestation:</u>**  Plaintiff attests that the content of this document is acceptable by all parties
4  required to sign the document.

7  Dated:  October 12, 2007.                                  Respectfully submitted,

                                          _/s/ George R. Schultz
                                      GEORGE R. SCHULTZ, Tex #17837500,
                                      *Pro Hac Vice*
                                      Attorney For Plaintiff
                                      HARDWARE RESOURCES, INC.

                                          _/s/ Mark H. Harris
                                      MARK H. HARRIS, SB # 133578
                                        E-Mail:  Harris.Law@att.net
                                      Law Office of Mark H. Harris
                                      2207 J. Street
                                      Sacramento, CA 95816
                                      Telephone: (916) 442-6155
                                      Facsimile: (916) 44405921

                                      Attorney For Defendant
                                      WEST COAST MOBILE HARDWARE, INC.

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2007, I electronically filed the Joint Case Management Statement with the clerk of the court for the U.S. District Court, Northern District of California, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

    Mark H. Harris                harris.law@att.net

A true and correct copy of the Joint Case Management Statement was served upon the persons listed below in the manner indicated on October 12, 2007.

| | |
|---|---|
| Mark H. Harris<br>Law Offices of Mark H. Harris<br>2207 J Street<br>Sacramento, CA 95816<br>Telephone: 916-442-6155<br>Fax: 916-444-5921 | *Via First Class Mail,*<br>*Postage Pre-Paid* |
| Donald J. Rafferty<br>Cohen, Todd, Kite & Stanford, LLC<br>250 East Fifth Street, Suite 1200<br>Cincinnati, Ohio 45202<br>Telephone:  513-333-5243<br>Facsimile:  513-241-4495 | *Via First Class Mail,*<br>*Postage Pre-Paid* |

                                              _/s/ George R. Schultz_____
                                              George R. Schultz